## PECK, Appellant, v. ST. LOUIS TRANSIT COMPANY.

### Division One, December 23, 1903.

1. **Negligence: INSTRUCTION.** An instruction for defendant which states the act of negligence as plaintiff has charged it in the petition, and in the only way it could be stated to conform to plaintiff's theory, does not give undue prominence to the act of negligence, and is not erroneous.

2. ———: BURDEN. The burden of proof of the act of negligence charged in the petition is on the plaintiff, and an instruction which goes no further than that in charging the burden of proof is not erroneous.

3. ———: PASSENGER: STOPPED STILL. A passenger charged her injuries to the careless starting of the car after it had stopped to enable her to alight and before she had had time to alight in safety. *Held,* that there is no difference in the meaning of the word "stopped," used in the petition, and the words "stopped still," used in the instruction.

4. ———: ———: STOPPING CAR: ORDINARY PRUDENCE: ALLEGATA: INSTRUCTIONS. The petition charged that the car had actually stopped when plaintiff attempted to alight therefrom, and she asked no instruction permitting her to recover in case the jury should believe that the car had so slowed down in its movement as to induce her to believe that she might alight in safety without passing the bounds of ordinary prudence. *Held*, that defendant's instructions were not erroneous because they did not submit that point to the jury, but confined defendant's liability to the negligence charged in the petition, namely, to the charge that the car had actually stopped when she attempted to alight.

Appeal from St. Louis County Circuit Court.—*Hon. Jno. W. McElhinney*, Judge.

AFFIRMED.

*Gilliam & Smith* for appellant.

Plaintiff's case is based upon the negligent act of defendant when, after bringing its car to a stop (or, as claimed by defendant's witnesses, almost to a stop) at the crossing of Grand avenue and Laclede avenue, while plaintiff was in the act of alighting from said car, defendant carelessly and negligently suddenly started said car, throwing the plaintiff to the ground in a violent manner. That plaintiff was severely and permanently injured, was not contested by defendant. Plaintiff also asks reversal on account of improper instructions given. (1) Defendant's three instructions were, when taken together, confusing and misleading— first, in mixing the allegation of the stopping of the car with the allegation of negligence and making it part of the allegation of negligence, and in giving it undue prominence; then by asserting a burden of proof thereon throughout the case, without mention of any burden of proof on defendant of contributory negligence; then by requiring plaintiff to prove the case "as above stated," that is, that the car stopped; and then, in the second instruction, amplifying the doctrine of her injuries being sustained by her leaving the car before it

stopped still; and then, in the third instruction, holding that, if the car was in motion when she attempted to get off, there was no evidence of negligence on the part of defendant. The combination of the three as thus drawn was grossly misleading and confusing to the jury. Plaintiff's evidence showing she was a passenger in good health, and was injured by being thrown from the car when alighting, certainly so far shifted the burden of proof that defendants were called upon for explanations. The first instruction was wrong, and, when construed with the second and third, clearly misleading. Ochs v. Railroad, 130 Mo. 27; Wise v. Railroad, 85 Mo. 178; Conway v. Reed, 66 Mo. 346. (2) Defendant's second instruction is misleading, because if it is an instruction on contributory negligence it amounts to a peremptory instruction that if the car was moving that was in itself fatal to plaintiff's claim; it fails to point out to the jury that plaintiff's acts must be the proximate cause of her injury or directly contributing to her injury; it distinctly fails to mention in any way the effect on plaintiff's rights and plaintiff's situation of a sudden starting of the car, and tells the jury that the attempt to alight while the car was in motion and injury ensuing barred plaintiff's claim. It is totally insufficient in statement of facts that would amount to negligence, and it is directly in the teeth of the following cases: Wyatt v. Railroad, 55 Mo. 485; s. c., 62 Mo. 408; Richmond v. Railroad, 49 Mo. App. 104; Hickman v. Railroad, 91 Mo. 435; Murphy v. Railroad, 43 Mo. App. 342. (3) Defendant's third instruction ignored all of plaintiff's evidence as to the sudden starting of the car; cut out entirely plaintiff's theory of the case; is contradictory to, inconsistent with and repugnant to plaintiff's first and second instructions; it cuts out all there may be of good in defendant's second instruction; it is a peremptory instruction that the entire case must be determined on the single question as to whether or not the car was moving when plain-

tiff attempted to alight. It sets out no facts to guide the jury as to what would be contributory negligence on the part of plaintiff; it does not even mention contributory negligence, nor base its holdings on any claim that plaintiff's alighting while the car was in motion was a negligent act, but on the bald proposition that if the car was yet moving then there is no evidence of negligence on the part of defendant, it decides the case. It is most manifest error. Instructions which cover the whole case ought to be so framed as to meet the point raised by the evidence and pleadings on both sides. Fitzgerald v. Hayward, 50 Mo. 516; Ellis v. Wagner, 24 Mo. App. 407; Brownfield v. Ins. Co., 26 Mo. App. 390. An instruction which of itself covers the whole case, and authorizes a finding for either party, must not exclude from the consideration of the jury any material issue supported by substantial evidence on either side. Clark v. Hammerle, 27 Mo. 55; Mansur v. Botts, 80 Mo. 651; Sawyer v. Railroad, 37 Mo. 240; Sheedy v. Streeter, 70 Mo. 679; Hoffman v. Parry, 23 Mo. App. 20. An instruction which singles out particular facts, and declares that, as matter of law, if such facts are established, the jury shall give their verdict accordingly, is erroneous. Chappell v. Allen, 38 Mo. 213; Meyer v. Railroad, 45 Mo. 137; Rose v. Spies, 44 Mo. 20; Bank v. Currie, 44 Mo. 91. Instructions ought to be framed to meet the theories of both plaintiffs and defendants. O'Neil v. Capelle, 56 Mo. 296. Instructions must not be inconsistent, contradictory or repugnant, and the giving of such instructions is error, and, where they are inconsistent, it can not be told which the jury followed. Henschlen v. O'Bannon, 56 Mo. 289; Schneer v. Lemp, 17 Mo. 142; Evers v. Shumaker, 57 Mo. App. 454; State v. Herrell, 97 Mo. 105; State v. Nauert, 2 Mo. App. 295; Frank v. Railroad, 57 Mo. App. 181; Redpath v. Lawrence, 42 Mo. App. 101; Jones v. Talbot, 4 Mo. 279; Hickman v. Griffin, 6 Mo. 37; State v. Cable, 117 Mo. 380; Boynton v. Miller, 63 Mo. 207. Whether it

was negligence for plaintiff to attempt to get off while the car was still slowly moving was a question for the jury, and as all defendant's witnesses fix it that the car moved only three or four feet beyond the crossing, and plaintiff's fall was at the crossing, the car, if moving at all, must have been very slowly moving, and therefore it was clearly for the jury to determine whether she was guilty of contributory negligence. Wyatt v. Railroad, 62 Mo. 408; s. c., 55 Mo. 485; Straus v. Railroad, 75 Mo. 185; Richmond v. Railroad, 49 Mo. App. 104; Swigert v. Railroad, 75 Mo. 475; Hickman v. Railroad, 91 Mo. 435; Filer v. Railroad, 49 N. Y. 47; Murphy v. Railroad, 43 Mo. App. 342; Leslie v. Railroad, 88 Mo. 50. (4) Plaintiff was trying to get off at the second crossing, at which she had notified defendant she wanted to stop. Defendant's servant, the conductor, knew she wanted to get off and was trying to get off. It was not, then, material whether the car had stopped still or was slowly moving, if the conductor then caused it to suddenly start and throw plaintiff. It was not a material variance even if the jury believed defendant's witnesses, and believed that the car moved three or four feet after plaintiff attempted to alight from it, as their testimony attempts to show. Ridenhour v. Railroad, 102 Mo. 270. That was almost identical with this case, and in both opinions filed therein it is held there was no variance. Leslie v. Railroad, 88 Mo. 50; Olnstead v. Smith, 87 Mo. 602; Wise v. Railroad, 85 Mo. 178; Werner v. Railroad, 81 Mo. 368; Conway v. Reed, 66 Mo. 346.

*Geo. W. Easley* and *Boyle, Priest & Lehmann* for respondent.

(1) Plaintiff's case was founded on negligence, and the burden of proving the negligence alleged remains on her throughout the trial. Dowell v. Guthrie, 99 Mo. 653; Murray v. Railroad, 101 Mo. 240. The

question of whether plaintiff's act of alighting from the car before it stopped was the cause of the injury was intelligently and fairly submitted to the jury, when they were told that they must find "that but for such attempt on her part to alight from said car, while the same was in motion, she would not have sustained any injury." (2) The objection to the third instruction given for defendant is based on the idea that the allegation that the car was stopped in obedience to plaintiff's signal, for the purpose of permitting her to alight, constituted no part of the plaintiff's alleged cause of action. Yet, that act is so coupled with the allegation as to the starting of the car that "they both unite in constituting one act of negligence." Burger v. Railroad, 112 Mo. 245. If the car had not then stopped, then there was no cause for apprehension that plaintiff would attempt to alight before the car stopped. If the car had stopped to allow plaintiff to alight, it was negligence to start it until she had a reasonable opportunity to alight. If it had not reached the stopping place for passengers to alight, and the injury was caused by plaintiff's alighting prematurely, then there was no negligence on the part of defendant. The whole purpose of the third instruction for defendant was to tell the jury that if they found from the evidence that the car had not stopped to permit passengers to alight, but was still moving, defendant was not guilty of the negligence charged. That very question had to be found by the jury under the plaintiff's first instruction. Certainly, it can not be error for defendant to submit the negative of the very question of which plaintiff submitted the affirmative.

VALLIANT, J.—Plaintiff was a passenger on one of defendant's street cars and, in attempting to alight therefrom, fell in the street and received injuries. She said in her petition that the car had stopped for the purpose of allowing her to alight and that while she

was in the act of alighting the defendant carelessly and negligently suddenly started said car, throwing her to the ground in a violent manner. That is the only act of negligence charged. The answer was a general denial and a plea of contributory negligence.

The evidence for the plaintiff tended to sustain the allegations of her petition; that for the defendant tended to prove that the car had not stopped, but was slowing down to stop, and that the plaintiff attempted to step off facing the rear while the car was still moving, and in doing so fell.

At the request of the plaintiff the court instructed the jury that if the car was stopped in compliance with her signal to enable her to alight, and if while she was in the act of stepping from the car it suddenly started forward and she was thereby thrown to the ground, and if by the exercise of a very high degree of care the defendant's servants could have prevented the car from so starting, and if she was herself exercising ordinary care in so attempting to alight, she was entitled to recover; and, further, that if the car came to a stop to allow her to alight, it was the duty of the conductor to have held it stationary until she had alighted, if by the exercise of a very high degree of care he could have done so.

For the defendant the court gave the following instructions:

"1. The actionable negligence charged in plaintiff's petition is that the conductor of defendant's car, upon which plaintiff was a passenger, caused the car to stop on the south side of Laclede avenue, on Grand, for the purpose of permitting plaintiff to alight therefrom, and that, while plaintiff was in the act of alighting, the defendant carelessly and negligently suddenly started said car, whereby plaintiff was thrown to the street and injured.

"The burden of proof, as to the act of negligence charged as above, rests upon the plaintiff throughout

the case, and, before you are entitled to return a verdict in favor of plaintiff, you must find by the preponderance or greater weight of the evidence that the plaintiff's injuries were caused by the act of negligence on the part of defendant, as above stated, and unless you so find, your verdict must be for the defendant.

"2. If you find from the evidence that the plaintiff's injuries, if any she sustained, were caused by her leaving the defendant's car before it had stopped still on the south side of Laclede avenue, and while the same was in motion, and that but for such attempt on her part to alight from said car while the same was in motion she would not have sustained any injury, then the plaintiff can not recover, and your verdict must be for the defendant.

"3. If the jury believe from the evidence that the plaintiff got off of the car while it was about to stop to permit pasengers to alight, but while it was yet moving, then there is no evidence of negligence on the part of defendant, and the verdict must be for the defendant."

There was a verdict and judgment for defendant and the plaintiff appeals.

The only action of the court asigned for error is the giving, for the defendant, of the three instructions above copied.

The complaint of the first instruction is, first, that it gives undue prominence to the fact of the stopping of the car and treating it as a part of the act of negligence, and, second, that it throws the burden of proof in the whole case on the plaintiff without distinguishing between the act of negligence stated in the petition and the contributory negligence charged in the answer.

An instruction undertaking to inform the jury as to the act of negligence which formed the gravamen of the plaintiff's case could not have been correctly framed without stating it substantially as it was stated in this instruction. Whilst the stopping of the car and

the plaintiff's attempting to alight were not acts of negligence, yet they constituted the condition which rendered the starting of the car an act of negligence according to the petition. The instruction merely stated the act of negligence as plaintiff had stated it in the petition and in the instruction asked by her, and in the only way it could be intelligently stated to conform to the plaintiff's theory.

As to the burden of proof the instruction only related to the act of negligence charged in the petition. Certainly the burden of proving that act was on the plaintiff and that is as far as the instruction goes. There was no reference to a condition of facts from which the jury were asked to find the plaintiff guilty of of contributory negligence. There was in fact no suggestion of contributory negligence in the case as it was given to the jury. The defendant merely took the position in its proof and in its instructions that the defendant did not commit the particular act charged to have been committed and that the accident did not happen as the plaintiff said it did.

In a case where a passenger is injured because of the breaking down of a car, or the breaking of some appliance or equipment, where the breaking and the injury to the passenger, as resulting therefrom, are shown, a prima facie case is made, and the burden is shifted to the carrier to show that it was without his fault. Plaintiff in the case before us invokes that doctrine, but this case does not fall within it. We see no fault with the first instruction for defendant.

The complaint of the second and third instructions is that they limit the inquiry of the jury strictly to the letter of the plaintiff's petition and say in effect that unless the car had stopped when the plaintiff was in the act of alighting the charge of negligence was not proven and the verdict should be for the defendant.

Appellant complains of the term "stopped still."

Vol 178 mo—40

If the defendant had a right to use the word "stopped," in reference to the condition of the car, it was not an abuse of the right to say "stopped still." There is really no difference in the meaning in that connection between "stopped" and "stopped still," except that perhaps the latter is more emphatic. In this respect, however, the writer of the defendant's instructions was not more emphatic than the writer of the plaintiff's instructions, who said in the second instruction for the plaintiff, "If the jury believe from the evidence that the car upon which the plaintiff was a passenger came to a stop, . . . then it was the duty of the conductor to have held the car stationary until she alighted."

The serious complaint, however, against these two instructions is, that they require the jury to find that the car had actually stopped when the plaintiff was stepping off, and prohibited the finding of a verdict for the plaintiff in case the jury should believe that the car had slowed down in its motion to such a degree that the plaintiff might, without passing the bounds of ordinary prudence, have attempted to alight, and that while doing so a quick motion was suddenly imparted to the car which threw her down.

The learned counsel seek to bring the case within the doctrine announced in Ridenhour v. Railroad, 102 Mo. 270. The plaintiff in that case was a boy nine years old. The petition stated that on his signal the car stopped to allow him to alight, and that while he was in the act of alighting it was suddenly put in motion, and thereby he was thrown to the street and injured. In that respect the case was like this. The evidence for the plaintiff in that case was that as the car approached the street at which the plaintiff wished to get off he told the conductor that he wanted to get off there, the conductor rang the bell to stop, the car "just slacked up," and the boy attempted to get off but, just as he had one foot off, the car gave a sudden jerk and

he was thrown down. The evidence for the defendant, which was that of the conductor, was to the effect that the boy was not on the train at all and the conductor did not know that one had been hurt by his train until informed of it afterwards. Under that state of the pleadings and evidence this court held that the giving of the following instruction was not error:

"1. If the jury find from the evidence that plaintiff was a passenger on defendant's cars, that the agents and servants of defendant in charge of said car knew at what point plaintiff desired to alight and that,when they reached said point, said agents and servants of defendant did not stop a sufficient length of time to permit the plaintiff, acting with reasonable care and diligence for one of his years, to alight in safety from said cars, and that by reason thereof the plaintiff in attempting to alight was thrown from said car and injured, then he is entitled to recover."

In passing on that case this court held that the statement in the petition that the car stopped to allow the plaintiff to alight was a matter of inducement, that the act of negligence charged was putting the car in motion while the plaintiff was in the act of leaving. Whatever may be said as to a variance between the *allegata* and the *probata* in that case, certain it is that aside from the petition the plaintiff's evidence and instructions brought it within principles which this court has recognized, namely, that it is not negligence *per se* for a passenger to attempt to board a car, or alight from it, while it is moving slowly; that whether under the circumstances of the given case it is negligence so to do, is a question for the jury, and that if, while the passenger is attempting to alight when the car is moving so slowly that he can not be deemed guilty of negligence in so attempting, the motion of the car is suddenly so increased as to cause him to fall, the carrier is liable. The following cases cited in the brief of the learned counsel for appellant sustain that doctrine: Doss v. Rail-

road, 59 Mo. 27; Wyatt v. Railroad, 62 Mo. 408; Kelly v. Railroad, 70 Mo. 604; Straus v. Railroad, 75 Mo. 185; Leslie v. Railroad, 88 Mo. 50; Burger v. Railroad, 112 Mo. 238.

But has this plaintiff either by her pleadings, her proof or her instructions given this defendant any such case to answer as that presented in Ridenhour v. Railroad, above mentioned, or in any of the other cases cited? In her petition she said that the car had stopped, in her evidence she stated the same thing, and in her instructions she founded her right to recover on that condition. The court in its instructions both for the plaintiff and the defendant followed the line the plaintiff had marked out. If there was any error the plaintiff induced it. No such theory as she now presents was offered for the consideration of the trial court during the trial.

The plaintiff now insists that although all of her evidence conformed to the letter of her petition and all of her instructions were based on her evidence, yet because the defendant's witnesses stated that the car had slowed down, she was entitled to have had submitted to the jury the question of whether under the circumstances as detailed by the defendant's witnesses she was not exercising ordinary care in attempting to alight from the moving car. If it be conceded that she was entitled to have had that question submitted to the jury, she has no right to complain of the court for not submitting it, because she did not ask it. And she has no right to complain of the instructions given at the request of the defendant, because they were in effect only the plaintiff's instructions turned around so as to show the other side on the same theory.

There is nothing in this record that the appellant has a right to complain of, and, therefore, the judgment is affirmed. All concur.