## LEU, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, April 12, 1904.

1. **STREET RAILWAYS: Negligence: Boarding Moving Car.** In an action for injuries received while plaintiff was attempting to board a moving car of defendant, where his evidence tended to show that he signalled the car to stop at a place where cars are required to stop, that he was thrown off and injured by the sudden increase of speed as he attempted to board it, the question whether he was guilty of contributory negligence was properly left to the jury.

2. ———: ———: ———. Where it was shown that the car had finished its run and had reversed the placard, which showed its destination, to indicate that it was proceeding to the shed, plaintiff was not guilty of contributory negligence, on that account, in attempting to board it, unless he knew or, by the exercise of due care, could have known that it was not receiving passengers.

3. ———: ———: ———. It was error to instruct the jury authorizing a recovery, if the motorman did not attempt to stop the car or prevent plaintiff from boarding it, when he could have done so, where there was no evidence, nor issue raised by the pleading, upon that point.

4. **PRACTICE: Remarks of Counsel: Duty of Trial Court.** It is the duty of the trial court, when requested by counsel, to express its disapproval of the objectionable remarks of opposing counsel, in the presence of the jury, in such manner as to destroy the impressions made by them, and its failure to do so is reversible error.

Appeal from Audrain Circuit Court.—*Hon. H. W. Johnson*, Judge.

REVERSED AND REMANDED.

*George Robertson* for appellant.

(1)    Under the pleading and all of the testimony, plaintiff was not entitled to recover and the court should have instructed a verdict for the defendant.    Schepers v. Railway, 126 Mo. 665; Meriwether v. Railroad, 45 Mo. App. 534; Zumwalt v. Railroad, 175 Mo. 288; Bardwell v, Railroad, 63 Miss. 574, 56 Am. St. 842; Soloman v. Railway, 103 N. Y. 437, 56 Am. Rep. 843; McMurtry v. Railroad, 67 Miss. 601; Phillips v. Railroad, 49 N. Y. 177; Carroll v. Rapid Transit Co., 107 Mo. 653; Bacon v. Railroad, 143 Pa. St. 14.    (2)    The defendant would become liable for its negligence only after it had discovered the danger to which plaintiff had exposed himself.    Surggert v. Railroad, 75 Mo. 475.    (3)    The verdict is contrary to the following instructions, given at the request of defendant, Nos. 7, 8, 9, 10, 11 and 12.    Objection by defendant's counsel, and its calling of the attention of the court this language, and asking for the court's interference with that line of argument only served to embolden the counsel and cause him to increase his exaggerated and unwarranted statements so as to render this trial a mockery of justice.    Not only are the remarks of counsel objectionable but the refusal of the court to interfere in any way, renders the error doubly prejudicial. Under the following authorities, for these errors alone, the judgment should be reversed.    Evans v. Town of Trenton, 112 Mo. 390; Killoren v. Dunn, 68 Mo. App. 212; Williams v. Railroad, 123 Mo. 573.

R. D. Rogers, Johnson, Houts, Marlatt & Hawes and L. L. Leonard for respondent.

### STATEMENT.

On October thirtieth, 1902, shortly after five o'clock p. m. plaintiff, a resident of the city of St. Louis, arrived therein on one of the defendant's cars at the crossing of Olive, a street extending eastwardly and west-

wardly, with Vandeventer avenue, a street running
northwardly and southwardly; he alighted from the
Olive street car and for the purpose of proceeding home-
ward on a north-bound car of defendant on Vandeventer
avenue, he stationed himself at northwest corner of the
intersecting thoroughfares, and as a Vandeventer car
approached from the south, he signalled it to stop; as
the car passed him he took hold of the forward hand-
rail of rear platform to enter, the car moved forward,
and he was dragged, thus clinging to the handrail, till
his strength was exhausted and he fell to the ground.

The testimony on behalf of the plaintiff, consisting
of his own version of the affair, the narrative of a com-
panion whom he had joined on the Olive street car, and,
like himself, who was awaiting a north-bound Vande-
venter avenue car, and the statement of a stranger who
witnessed the occurrence, was in irreconcilable conflict
with the testimony introduced on defendant's behalf,
made up of the descriptive statements of motorman and
conductor of the car, and of a policeman present at the
time.   Plaintiff's portrayal of the mishap tended to es-
tablish that the speed of the car was much reduced as it
drew near Olive street until, as some testifying stated,
it stopped south of the Olive street tracks, as the testi-
mony showed a rule of the company required, and then
continued on slowly crossing the intersecting Olive
street tracks as if about to come to a stop at the street
crossing on the north side of Olive street, where plain-
tiff was awaiting it, and that it had almost become mo-
tionless when it reached plaintiff, who had signalled it
to stop by holding up his right hand, when it was about
the middle of Olive street. Plaintiff then attempting to
board the car seized hold of the car rail or handhold
with his right hand, also placing his foot on the step of
the platform, and as he did so the car moved forward
with suddenly renewed or increased speed, his right
hand was wrenched loose from the first rail, he grasped
the rail of the platform, lost his balance, his foot was

thrown off by the same sudden impetus which forced his right hand loose, and he was thus dragged a distance variously given until his strength failed and he fell to the ground. The defendant's witnesses deposed that the car had been ordered to turn into the shed for the night, was not receiving passengers, and none were on board when it reached Olive street, the sign "Vandeventer avenue" on the front of the car having been turned by the conductor, in his words, "So it would not read anything," the motorman was giving public notice of such destination by motioning and calling out to would-be passengers as he passed them, and plaintiff endeavored to board it while moving at a rate of from five to eight miles per hour, and when the conductor discovered the perilous position the plaintiff had assumed, he signalled immediately to the motorman to stop the car. In this respect, however, there was especially a sharp conflict of fact presented, the evidence of plaintiff disclosing that the conductor stood on the rear platform, saw plaintiff thrown off his balance by the sudden start of the car and made no effort either to aid him by ringing the bell to stop or check the car, until plaintiff had fallen after having been dragged a considerable distance, which, with other measurements and estimates of distance in which the car was or could be stopped and the like, were variously and differently computed and given by the witnesses of the opposing parties. Plaintiff was then in his thirty-ninth year, of ponderous weight, exceeding two hundred pounds, and the seriousness of the injuries was the subject of vigorous dispute by the opposing witnesses.

The action was begun in the circuit court of the city of St. Louis, whence it was transferred on change of venue to the circuit court of Audrain county, where a verdict of $2,250 was returned by a statutory majority of the jurymen, from judgment upon which defendant has thus appealed.

REYBURN, J. (after stating the facts.)—1. The trial court committed no error in declining the imperative instructions prayed, that upon the pleadings and the testimony, the plaintiff was not entitled to recover and the verdict must be for the defendant. Whatever may be the law prevailing in other jurisdictions, at the present time the rule is well settled in this State, that it is not negligence *per se* for a party to attempt to board or alight from a street car moving at a slow rate of speed, and the question of such contributory negligence, if any was here displayed, in attempting to get upon the car under the conditions established, was properly submitted to the jury. This proposition has been announced with vigor and clearness in a recent case in the Supreme Curt from the decision of which, the following is extracted:

"Whatever may be said as to a variance between the *allegata* and the *probata* in that case, certain it is that, aside from the petition,the plaintiff's evidence and instructions brought it within the principles which this court has recognized, namely; that it is not negligence *per se* for a passenger to attempt to board a car or alight from it while it is moving slowly; that whether under the circumstances of the given case, it is negligence so to do, is a question for the jury; and that if, while the passenger is attempting to alight [there, here to board], when the car is moving so slowly that he can not be deemed guilty of negligence in so attempting, the motion of the car is suddenly so increased as to cause him to fall, the carrier is liable." Peck v. St. Louis Transit Co., 77 S. W. 736.

To the cases cited may be added numerous recognitions of the rule by this court. Maguire v. St. Louis Transit Co., 103 Mo. App. 459; O'Meara v. St. Louis Transit Co., 102 Mo. App. 202; Eikenberry v. St. Louis Transit Co., 103 Mo. App. 442.

The fact that the car was proceeding to the shed

and was not carrying passengers was not shown to be known to plaintiff, and the mere reversing of the street name on top of the forward end of the car did not necessarily import such knowledge to him, and it was left to the jury under most liberal instructions to determine whether plaintiff saw, or by the exercise of due care on his part could have seen the indications, either by motorman or conductor, that the car was on its way to the sheds and not carrying passengers and in event of such finding that plaintiff was debarred from recovery.

2.   The court gave, among others, the following instruction at plaintiff's instance:

"The court instructs the jury that although the jury should believe from the evidence that plaintiff was negligent or careless in attempting to get upon a car while it was moving, yet if they further believe from the evidence that the conductor in charge of defendant's car saw plaintiff in the act of attempting to board the moving car in time so that by exercising ordinary care he could have prevented plaintiff from attempting to get upon said car or could have stopped said car after plaintiff attempted to get upon it in time to have averted the injuries complained of without damage to the car or those upon it and that he did not attempt to stop said car or to prevent plaintiff from boarding it under the said circumstances then you will find for the plaintiff."

This portion of the charge is defended by respondent by invoking the case of Fulks v. Railroad, 111 Mo. l. c. 340, as authority; the general doctrine of that case is justly recognized and respected by this tribunal, namely, that the question of contributory negligence consisting in an attempt to get on or off a moving car while the train is in motion was a mixed question of law and fact to be determined by the jury guided by proper instructions in the light of the attending circumstances; while the case appealed to involved a train moved by steam, the rule is applicable to street cars operated by

electric motive power. The terms of the instruction, however, can not be justified by application of such principle, for it transcends, in the duty imposed, the sweep of above rule, and exacts from the conductor the obligation of averting the casualty by preventing the respondent from attempting to board the moving car if he saw plaintiff in time, while engaged in such effort, which section of the instruction is without support in the evidence, not made an issue by the pleadings, and even if properly presented under the pleadings and the evidence, was beyond the legal duty of defendant's employees in charge of the car.

3. In view of the disposition of this case necessitated by the fatal error pointed out in the instruction above quoted, the insistence of appellant that plaintiff's counsel flagrantly overstepped the freedom of speech to be accorded in summing up at close of the evidence and before submission of the case to the jury, demands no lengthy analysis or decision, as, if language inappropriate was unpremeditatedly employed in the ardor and zeal of the advocate, such method of argument so frequently condemned is not likely to be repeated in any future trial of the case. The recent expression of the Supreme Court otherwise might aptly have been applied. "It was the plain duty of the court upon the objection of appellants, to have expressed its disapproval of the objectionable remarks of counsel, in the presence of the jury, in such sufficiently emphatic language as to destroy any impressions which may have resulted from the use of them. Its silence and failure to do so in my opinion was error which should result in the reversal of the judgment and remanding the cause for a new trial." Rice v. Sally, 176 Mo. 1. c. 148.

Judgment reversed and cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.