## LEU, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, February 7, 1905.

1. **STREET RAILWAYS: Boarding Moving Car: Contributory Negligence.** Some of the points on the question of contributory negligence in this case were determined on the former appeal, as the case is found reported in 106 Mo. App. 329, 80 S. W. 273.

2. ———: ———: ———. Whether a passenger, who, attempting to board a car moving slowly, was thrown off by the sudden acceleration of speed, was guilty of contributory negligence, in holding on to the car too long, when if he had let go immediately he would have escaped injury, was a question for the jury.

3. ———: ———: ———: **Falling Voluntarily.** An expression by one of plaintiff's witnesses in his testimony that plaintiff "decided to fall" could not be made a basis for nonsuiting the plaintiff on the ground that he fell voluntarily, when it is evident from the context that the witness meant the plaintiff saw his struggle to get on the car would be futile and he would be less likely to suffer injury from falling than from being dragged further.

4. **PLEADING: Two Acts of Negligence in Separate Counts: General Verdict.** Where, in an action for personal injuries received by plaintiff in attempting to board one of defendant's cars, on account of being thrown by a sudden acceleration of speed, two acts of negligence were charged against the defendant and stated in separate counts, though they could as well have been charged in one count, the petition stated but one cause of action and a general verdict thereon was good.

5. ————: **Defective Statement Cured by Verdict.** One count, based on the negligence of the defendant in failing to stop the car in time to avoid the injury, alleged that though the conductor knew or by reasonable care could have known that plaintiff was being dragged, he negligently failed to signal the motorman to stop and by reason of that negligence the plaintiff was thrown to the ground and injured,stated a cause of action which is good after verdict, although there was no averment that if the conductor had signalled the motorman to stop, the latter could have stopped the car in time to avert the injury.

Appeal from Audrain Circuit Court.—*Hon. Houston W. Johnson,* Judge.

AFFIRMED.

*George Robertson* and *Boyle, Priest & Lehmann* for appellant.

(1) Defendant's demurrer to the evidence at the close of plaintiff's case should have been sustained for the reason that the plaintiff's evidence discloses that he was injured as the result of his own negligence in attempting to board a moving car and especially was the injury the result of his own conduct, for after he discovered that the car would not stop, he continued his effort to get upon it and was thereby injured. Wait v. Railroad, 165 Mo. 612, 65 S. W. 1028; Beach on Con. Neg., sec. 37. (2) The plaintiff having adopted the written statements made by him and his witness Gottlieb, as to the facts of the accident, is bound by them. Taking the two together they show such a state of facts as would preclude the plaintiff's recovery, for what the plaintiff says against himself, the law presumes to be true. State v. Hollenschiet, 61 Mo. 307; Nantz v. McPherson, 7 T. B. Mon. 597; Windsor v. Railroad, 45 Mo. App. 123. (3) The court erred in allowing plaintiff to introduce evidence as to the time in which the car could have been stopped. This was brought out in the cross-examination of defendant's

witnesses. Before evidence of failure to stop the car in time to have averted the injury could have been admitted it must have been alleged, because that was the constituent element of the action, and without it there can be no cause of action. Moore v. Railroad, 176 Mo. 544, 75 S. W. 672; Waldhier v. Railroad, 71 Mo. 514; Zurfluh v. Railroad, 46 Mo. App. 636. (4) Plaintiff's petition states two separate causes of action in separate counts. These separate counts are not merely the same cause of action differently stated. The verdict is general, and the defendant was entitled to a verdict on one count or the other. This point was properly raised by a motion in arrest, which the court overruled. Wells v. Adams, 88 Mo. App. 215.

*Fry & Rodgers, Johnson, Houts, Marlatt & Hawes* and *L. L. Leonard* for respondent.

(1) This court has decided on a former appeal of this case that the question of contributory negligence was for the jury. Leu v. Transit Co., 106 Mo. App. 329, 80 S. W. 273. (2) The allegations in second count of plaintiff's petition are sufficient. Any defect therein is cured by the verdict. Scamell v. Transit Co., 103 Mo. App. 514, 77 S. W. 1021; Hurst v. Ash Grove, 96 Mo. 168, 9 S. W. 631; Bowie v. Kansas City, 51 Mo. 254; Gerber v. Kansas City, 105 Mo. App. 717, 79 S. W. 717; Robinson v. Ins. Co., 80 S. W. 9; Duneke v. Beyer, 79 S. W. 209; McKinstry v. Transit Co., 82 S. W. 1108.

GOODE, J.—The main facts of this cause necessary for the determination of the present appeal are stated in the opinion delivered on a former appeal and may be found reported in 106 Mo. App. 329, 80 S. W. 273. Recapitulating briefly the testimony for the plaintiff with reference to the contention that he proved no case, we state that there was evidence to show he attempted to board a trolley car of the defendant at the

intersection of Olive street and Vandeventer avenue. He had signalled the conductor to stop the car, and when he attempted to get on, its speed was so slow as to give the impression to him and other bystanders, that it was going to stop. He took hold of the front rail of the platform at the rear of the car and as he did so the power was put on, the speed of the car suddenly increased and he was dragged thirty feet or more while endeavoring to get a secure footing on the platform. He was finally forced to loosen his hold, thrown to the street and severely injured. The testimony for the defendant was that the car was on its way northward along Vandeventer avenue to the carsheds, intending to turn in for the night, and was not receiving passengers; that the sign "Vandeventer Avenue" which the car carried on the front, had been turned over so the lettering was invisible, thus signifying that no passengers were carried; that whatever reduction of speed occurred just prior to plaintiff's attempt to board the car was in consequence of crossing the Olive street car line and not for the purpose of stopping at the north foot crossing of Olive street. The conflict of testimony was held on the prior appeal to have made a case for the jury on the merits. The argument is pressed again that a demurrer to the plaintiff's case should have been sustained because his evidence shows he was guilty of contributory negligence in holding to the car and continuing his attempt to get aboard, when, if he had let go promptly on the acceleration of the car's speed, he would have escaped injury. It is further contended that the evidence of Gottlieb, one of the plaintiff's witnesses, shows plaintiff got on the platform and then voluntarily fell off. Plaintiff's testimony was that he had placed one foot on the step of the car, when it moved forward with a jerk which loosened his hand from the front rail and he was compelled to grab the back rail, finally grabbing with both hands with his feet dragging on the ground; that all

the time he was struggling to get aboard and escape a fall. We see no reason to change the former decision that the question of plaintiff's contributory negligence was for the jury on the evidence introduced by the respective parties. The plaintiff was negligent in nothing unless he imprudently boarded the car while it was moving too rapidly for him to do so in safety, or when he ought to have known its speed had been checked, not to take on passengers, but to get past the broken circuit at the crossing of the Olive line, and that it was likely to recover speed immediately. Those questions were for the jury. The movement of the car suggested to others than the plaintiff that it was slowing down to receive passengers waiting on the foot crossing. Besides, the plaintiff's testimony tends to prove the motorman caught his signal and slackened speed in obedience to it. The defendant was charged with negligence in two acts: first, that its motorman carelessly turned on the motive power while the plaintiff was in the act of boarding the car, thereby accelerating the speed and making it impossible for him to get on in safety; second, carelessness on the part of the conductor in omitting to signal the motorman to stop the car when he saw the plaintiff was in peril and likely to be injured if it was not stopped. There was evidence in support of both those charges. As said, the plaintiff's testimony that he lifted his hand for the motorman to stop for him to get aboard, as well as other testimony, went to show the motorman knew he was in the act of taking passage and moved the car rapidly forward while he was doing so. The conductor was on the back platform and the testimony was that he saw the plaintiff dragged from twenty-five to forty feet, but made no effort to have the car stopped until the plaintiff fell to the ground. In truth, it was not stopped until it reached an alley one hundred and fifty feet north of Olive street. It is insisted the plaintiff ought to have alighted as soon as he missed his footing and that his

injury was due to holding on too long. The plaintiff was trying as best he could to get on the car and save himself; first he grabbed one handbar and then the other in his attempt to get both feet on the lower step; but was finally forced to desist on account of the increasing speed of the car, and fell to the ground. A witness for the plaintiff used the expression that plaintiff "decided to fall," and this statement is made the basis of an argument that plaintiff intentionally fell to the ground and hurt himself. What the witness meant is plain. The context of the statement shows he meant that plaintiff saw his struggle to get on the car would be futile and, as the speed was increasing, let go his hold, thinking he stood less chance of injury by falling on the street than by being dragged farther.

Plaintiff had given a statement regarding his injury to an agent of the transit company. While on the witness stand he was questioned about this statement by the defendant's counsel and said it was signed by his wife for him. The defendant did not offer the statement, but it was put in evidence by the plantiff's counsel without objection. The point is made that the plaintiff was permitted, over the defendant's objection, to testify in impeachment of the statement after it had been introduced by him and made his own testimony. The answer to this objection is that no attempt was made to impeach it. The testimony of the plaintiff in connection with it simply explained when and how it came to be made.

The two acts of negligence charged in the petition were stated in separate counts or paragraphs, and the point is raised that as the verdict was general it cannot stand. Though the two acts of negligence were charged in different counts, they could have been as well charged in one. But one cause of action was stated and the general verdict is good. [Lancaster v. Ins. Co., 92 Mo. 460, 5 S. W. 23.]

The second count of the petition is said not to state

a cause of action because it contains no aver-
ment that if the conductor had signalled the motorman
to stop while the plaintiff was in peril, the motorman
could have stopped the car in time to avert the in-
jury.    The allegation is that though the conductor
knew, or by reasonable care could have known, plaintiff
was being dragged, he negligently failed to signal the
motorman to stop, and by reason of that negligence
the plaintiff was thrown to the ground with great vio-
lence and injured.    Such a defect in a petition is cured
by verdict if, by fair intendment, the omitted aver-
ment can be gathered from those made.    This point
was not raised until after verdict.    The plain inference
from what is stated is that if the motorman had been
signalled to stop the car he could have done so soon
enough to save the plaintiff from falling.    This
is the conclusion to be drawn from the allegation that
on account of the conductor's negligence in failing to
signal, the plaintiff was thrown to the ground.    He
could not have been thrown to the ground because of
the conductor's omission to signal unless the motor-
man had time to stop after the conductor rang.    At
the worst, the second count of the petition contains a
good cause of action defectively stated.    If the defend-
ant wished to object to it, it should have done so by
motion or demurrer before trial.    [Bowie v. Kansas
City, 51 Mo. 454; Munchow v. Munchow, 96 Mo. App.
553, 70 S. W. 386.]

A great many criticisms are made on the instruc-
tions of the court, but we think they are without merit
and not plausible enough to call for examination in
detail.    The court gave numerous instructions at the
instance of the defendant, which covered every pos-
sible defense, and refused none which should have been
given.

The judgment is affirmed.    All concur.