STATE OF MISSOURI at the Relation of THE PEOPLE'S MOTORBUS COMPANY OF ST. LOUIS, Relator, v. WILLIAM DEE BECKER, EDWARD J. McCULLEN and JOSEPH KANE, Judges of the St. Louis Court of Appeals.—87 S. W. (2d) 433.

Division Two, November 5, 1935.

*Carter & Jones* and *James E. Garstang* for relator.

*Earl M. Pirkey* for respondents.

WESTHUES, C.—This case comes to the writer on reassignment. It is an original proceeding in certiorari whereby relator seeks to quash an opinion of the St. Louis Court of Appeals in the case of Tureen v. People's Motorbus Co. of St. Louis, reported in 60 S. W. (2d) 1016.

It is alleged that the opinion of the Court of Appeals is in conflict with controlling decisions of this court and in particular with the opinions in the cases of Northam v. United Rys. Co. of St. Louis, 176 S. W. 227; Peck v. St. Louis Transit Co., 178 Mo. 617, 77 S. W. 736, and Gunn v. United Rys. Co. of St. Louis, 270 Mo. 517, 193 S. W. 814.

Nathan Tureen was the plaintiff and the Motorbus Company the

defendant. Upon a trial the jury returned a verdict for the defendant, whereupon plaintiff appealed. The Court of Appeals reversed and remanded the case for an alleged erroneous instruction, given at defendant's request. Defendant, respondent in the Court of Appeals, thereupon brought this proceeding to quash the opinion of that court. For a complete and detailed statement of the facts reference is made to the opinion of the Court of Appeals. The opinion recites that the plaintiff, by his petition, sought to recover damages for personal injuries, which he alleged were sustained when he fell from a bus of the defendant company. The petition alleged that plaintiff was a passenger on the bus; that when he reached his destination he signaled for the bus to stop and it was stopped in response to the signal given. The petition further alleged:

" 'That as soon as said motorbus was so stopped at said place plaintiff immediately attempted to leave said motorbus by way of its rear platform and while in so attempting he was in the act of alighting from said motorbus and before he had a reasonable time or opportunity to alight from said motorbus in safety, defendant negligently caused and permitted said motorbus to start and move some distance.' "

The answer of the defendant was a general denial.

The Court of Appeals, in its opinion, made a detailed statement of the evidence. It shows that the plaintiff introduced substantial evidence in support of the allegations of his petition. It also shows that the defendant introduced substantial evidence tending to prove that plaintiff attempted to alight from the bus while it was in motion and before it had come to a stop. The trial court gave an instruction, requested by the defendant, which was quoted in the opinion of the Court of Appeals. It reads:

" 'The court instructs the jury that if you find and believe from the evidence that the motorbus of the defendant was not standing still or stopped at the place mentioned in the evidence, and if you further find and believe that the plaintiff was not caused to be precipitated or thrown by the motorbus being started into motion, while he was in the act of alighting therefrom, after starting to alight while it was in a standing position, and if you further find and believe that plaintiff attempted to alight from the motorbus in question while it was in motion and while so doing collided with the telegraph pole or object mentioned in the evidence, and was thereby injured, then your verdict cannot be for the plaintiff but must be for the defendant.' "

The opinion of the Court of Appeals, dealing with this instruction, reads as follows:

"The negligence charged is that, while the plaintiff was attempting to alight from the bus in question and before he had reasonable time or opportunity to alight, the defendant negligently caused and permitted said bus to start and move. This instruction, therefore, is

erroneous in that it directed the jury to find for the defendant if in the event that they found that plaintiff was attempting to alight from the motorbus while it was in motion. This is a misdirection because it assumes that it was negligence *per se* to attempt to alight from the bus while it was moving. [Forrester v. Railroad, 116 Mo. App. l. c. 40, 91 S. W. 401; Setzler v. Railroad, 227 Mo. 466, 127 S. W. 1.]

"The instruction is also subject to the criticism that it is complicated, confusing, misleading, and prejudicial in that it required the jury to find negatively that the motorbus in question was moving. The following parts of said instruction are objectionable for the same reasons: 'And if you further find and believe that the plaintiff was not caused to be precipitated or thrown by the motorbus being started into motion, while he was in the act of alighting therefrom, after starting to alight while it was in a standing position.'

"For the errors committed in the giving of Instruction 4, the cause should be reversed and remanded. It is so ordered."

There was no evidence introduced at the trial from which any act of negligence on the part of the operators of the bus could have been inferred except that the bus was started while the plaintiff was in the act of alighting therefrom. No other act of negligence was alleged in the petition. It will be noted that the Court of Appeals held the instruction bad because it assumed that plaintiff was negligent in attempting to alight from a moving bus. As we see it, the question of plaintiff's negligence was not an issue in the case. The question before the jury was whether the defendant was negligent. If the jury found the facts to be as enumerated in the instruction quoted, then the defendant bus company was not guilty of any negligence and was entitled to a verdict. A similar question was before this court in Gunn v. United Rys. Co., supra. In that case the defendant requested an instruction which read:

"The court instructs the jury that if you find and believe from the evidence that the plaintiff attempted to board a car while said car was in motion then she cannot recover, and your verdict must be for the defendant."

The trial court modified the instruction by inserting the following between the words "motion" and "then" "and that such act of plaintiff was negligence, and that the same contributed to her injury." This court held that the instruction should have been given as requested, and reversed and remanded the case. Note what this court said:

"When a car fails to stop, or, having done so, starts prematurely, a person desiring to board or leave the car may refrain from doing so, and sue for damages for the inconvenience and loss thus suffered; but if he chooses to get on or off such moving car, and is not laboring under such excitement as above mentioned, and is not directed by

the carrier's agent to so act, he cannot recover for injuries which he may receive, caused by the ordinary movement of the car. . . .

"If the petition in this case had merely alleged that the car stopped in response to plaintiff's signal, that it was then negligently started by defendant before plaintiff had reasonable time to get on it, and that plaintiff, after it had started, attempted to get aboard the moving car and was injured by reason of the fact that the car was so moving, it would fail to state a cause of action. The general rule above stated would make it bad on demurrer. It is true that in such case there would be no presumption of negligence *per se* on the part of plaintiff, but it is also true that plaintiff must be held to have assumed the risk of danger in such a case. The mere absence of contributory negligence on plaintiff's part will not supply the lack of evidence of liability on the part of the defendant.

"It will be noticed that, for the purposes of this case, we make no difference between an injury received in getting off a car and one received in getting on it. . . .

"It must follow from what has been said that the defendant's Instruction No. 5 should have been given as asked. If she attempted to board the car after it started, she cannot recover, regardless of the question whether she was guilty of negligence. *The mere absence of contributory negligence on her part does not give her a cause of action against the defendant in the absence of evidence showing liability on its part.*" (Italics ours.)

The Northam and Peck cases, supra, support this ruling and are cited as authority in the Gunn case.

The Court of Appeals cited Setzler v. Metropolitan St. Ry. Co., 127 S. W. 1, 227 Mo. 454, l. c. 466, as authority for its ruling. In that case an unusual jerk of the car was the principal act of negligence relied upon by the plaintiff. This court held that it was immaterial whether the train had stopped or was moving slowly at the time the unusual jerk occurred. No such issue was presented in the case at bar and no allegation was made in the petition that there was any unusual jerk. Neither was there any evidence introduced to support such an allegation, had it been made. The distinction between the Setzler case and the cases cited above was discussed at length in the Peck case, supra. We see no reason for reconsidering the question here. In substance Instruction No. 4, given in the instant case, was similar to the instruction which this court said should have been given in the Gunn case. The facts in the two cases are very similar. The opinion of the Court of Appeals is, therefore, in direct conflict with the opinion in the Gunn case and in principle with the Northam and Peck cases.

It follows that the opinion and record of the Court of Appeals must be quashed. It is so ordered. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.