ELIZABETH DETRICH, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 21, 1910.

NEGLIGENCE: Pleading: Instructions. Where a petition charges specific acts of negligence, the burden is on the plaintiff to establish them, and an instruction which permits a verdict on general negligence is erroneous, as where the only instruction on the subject of negligence bound the defendant generally to "run and operate its cars" with the highest practical degree of care of a very prudent person.

Appeal from Jackson Circuit Court.—*Hon. Wm. B. Teasdale,* Judge.

REVERSED AND REMANDED.

*John H. Lucas* and *Ben T. Hardin* for appellant.

(1) Plaintiff's first instruction was erroneous. It went beyond the issues made by the pleadings, and did

not limit the "highest reasonably practical degree of care" to the specific negligence charged in the petition; it covered the entire field of negligence. Beave v. Transit Co., 212 Mo. 331; Black v. Railway, 217 Mo. 672; Kirkpatrick v. Railway, 211 Mo. 68; Davidson v. Transit Co., 211 Mo. 320; Roscoe v. Railway, 202 Mo. 576; Orcutt v. Century Bldg., 201 Mo. 443; Vanhorn v. Transit Co., 198 Mo. 481; McGrath v. Transit Co., 197 Mo. 97; Allen v. Transit Co., 183 Mo. 411; Magrane v. Railway, 183 Mo. 119; Fuchs v. St. Louis, 167 Mo. 620; Chitty v. Railway, 148 Mo. 64; Bartley v. Railway, 148 Mo. 124.

*Holmes & Page, Frank P. Walsh* and *E. R. Morrison* for respondent.

Plaintiff's first instruction was a definition and did not submit general negligence or any acts of negligence to the jury.

ELLISON, J.—This is an action for damages on account of personal injury alleged to have been inflicted upon plaintiff by reason of the negligence of defendant's servants in charge of its street car upon which she was a passenger. The judgment in the trial court was for the plaintiff.

A statement of the nature of the mishap and the injuries, as well as the specific negligence charged, can be well understood from the allegations of the petition. After alleging defendant's incorporation for the purpose of operating a cable street railway in Kansas City, it stated that: "Said lines of cable street railway above referred to are so constructed that the cars running on the street railway tracks are drawn by means of an endless wire cable extending and running through an underground conduit, to which cable the cars are attached by means of an appliance known as a 'grip';

143 App—12

that the wire cable running in the conduits on Twelfth street runs underneath the wire cables running in the conduits on Walnut street, so that in order that the cars running on the Twelfth street tracks may pass over and across Walnut street it is necessary that the Twelfth street wire cable be released from the grip on the Twelfth street car; otherwise the said grip would be brought into collision with the machinery and appliances underneath the ground at said street railway crossing and the cars brought to a sudden and violent stop.

"Plaintiff further states that on the evening of August 1, 1903, she was a passenger on a west-bound car on said Twelfth street line, having become such passenger at a point east of Walnut street and having paid the customary fare of five cents for her passage on said car; that she was seated on the front seat of the grip car, it being the forward car of the two cars composing the train of cars on which she was a passenger; that the grip attached to said wire cable on said Twelfth street car was being operated by and in charge of a servant and employee of the defendant company, commonly called a gripman, and when said grip car approached near to the said street railway crossing at Twelfth and Walnut streets in said city, the said gripman negligently and carelessly failed to release the said wire cable from the grasp of the said grip, and the said defendant company negligently and carelessly permitted the machinery and appliances of its said street railway at said street railway crossing to be and become out of proper condition and repair, so that the said street railway was so carelessly and negligently maintained, and the said grip car was so negligently and carelessly operated that the said iron grip came in contact with some of the machinery or appliances of said street railway underneath the ground, and caused said train of cars to come to a sudden and violent stop, whereby the said plaintiff was, with great force and

violence, thrown forward from her seat against the apron or dashboard of said car, the force or violence thereof being so great that she rebounded and struck the back of the seat, on which she had been seated, with great force and violence, whereby her face, shoulders, breast, arms, side, back, chest and hips were greatly injured, bruised and wounded, internally and externally, causing her to faint and become unconscious for a time; that she was severely injured in the lower part of the sides and abdomen, internally and externally; and her womb, ovaries and surrounding parts were wounded and injured, causing painful menstruation, great nervous exhaustion, chronic headaches and sinking spells; that on account of said injuries aforesaid, she has suffered," etc.

It will be observed that after specifying different acts of negligence, the petition then states the injury resulting and then again specifies acts of negligence, some of the latter, being, perhaps, repetitions of the former. These allegations constitute specific charges as distinguished from a general charge and the case must be judged from that standpoint. It has become a fixed rule in this State that when specific negligence is charged, the plaintiff is strictly limited to such acts, and the instructions in his behalf must confine the right of recovery within such limits. He may, if he chooses, plead general negligence, which plea could consist of an allegation that the car "through the negligence of defendant came to a sudden stop whereby plaintiff was thrown forward," etc. And in making proof under such allegation "it is sufficient to show an accident and the resultant injury, whereupon there is a presumption of negligence, and a prima-facie case for plaintiff is made." But if the negligence is known to plaintiff and stated by him, no such presumption arises in his favor and the burden is on him to prove the acts relied upon. [Roscoe v. Street Ry. Co., 202 Mo. 576; Orcutt v. Century Building Co., 201 Mo. 424; McGrath v. Transit

Co., 197 Mo. 97.] Recognizing this rule, plaintiff assumed the burden of showing the negligence and did not ask that it be presumed.

Notwithstanding the special acts and matters of negligence charged and plaintiff's assuming the burden of proving them, she asked and obtained the following instruction on defendant's negligence, it being the only one given on that subject:

"The court instructs the jury that the degree of car which the defendant was bound to exercise towards the plaintiff, Miss Elizabeth Detrich, while she was a passenger upon the cars mentioned in evidence, was that the defendant was bound to run and operate its cars with the highest reasonably practical degree of care of a very prudent person engaged in like business in view of all the facts and circumstances, as shown in evidence at the time of the alleged injury."

That was a general direction which did not regard the limitation set in the petition. There is no act of negligence, either of omission or commission, that would not be covered by that instruction.

The precise question was presented in Beave v. Transit Co., 212 Mo. 331. In that case specific negligence was charged and plaintiff had an instruction on negligence substantially as in this case. The court said that, "Instead of following this allegation of negligence and directing the jury to find for the plaintiff, if they believed he was injured in a collision caused by the negligence of the defendants, in the respect charged in the petition, the instruction authorized them to find for plaintiff if they believed that defendant in any manner or respect failed to exercise 'the highest practicable degree of care,' by reason of which plaintiff was injured.

"Clearly this instruction submitted to the jury an entirely different issue from that presented in the pleadings. The petition charges the injury was caused by the defendant 'so negligently and unskillfully,' etc.,

while the instruction completely ignores that allegation, and authorized the jury to find for plaintiff if they believed from the evidence that the company failed to 'exercise the highest practicable degree of care, such as would be exercised by very careful and skillful railroad employees under the same or similar circumstances.' This instruction authorized the jury to find for plaintiff if his injury was caused by any negligent act on the part of the employees, whether that act was stated in the petition or not."

Plaintiff endeavors to meet the foregoing objection by the assertion that it is a mere definition. If merely an abstract definition, disconnected from the issues, it ought not to have place in the case, since instructions should be upon the issues involved. It was meant to have, and must have had, the effect of an instruction in reference to defendant's negligence; that much is certain. Then, what negligence; that specified in the petition, or *any* negligence? Not being in anywise limited, it would certainly permit the jury to look outside the specific things set up in the petition. For instance, the instruction states that the defendant "was bound to run and operate its cars with the highest degree of care," etc. That might well be understood as including anything in the construction and operation of the entire road and its equipment. Yet the negligence pleaded is the specific act of the gripman in failing to release the grip and of the company in letting machinery at a certain named crossing become out of repair, etc., etc.

Plaintiff suggests that the instruction is quite like that in O'Connell v. Ry. Co., 106 Mo. 482; and it is. But in that case no point was made like that here insisted on and no decision was had. There was no thought or suggestion of the kind so far as the report shows. Besides, Beave v. Transit Co., supra, is controlling.

The judgment is reversed and the cause remanded. All concur.