THOMAS CONWAY, JR., Respondent, v. METRO-
POLITAN STREET RAILWAY CO., Appel-
lant.

**NEGLIGENCE: Pleading: Instruction.** Where the petition pleads
· specific negligence, it is error to give an instruction in such
broad terms as will permit a verdict for other negligence than
that specified.

Appeal from Jackson Circuit Court.—*Hon. R. B.
Middlebrook,* Judge.

REVERSED AND REMANDED.

*John H. Lucas* and *Chas. N. Sadler* for appel-
lant.

(1) The court erred in admitting any evidence
under the petition herein. R. S. 1899, sec. 1794; Behen
& Transit Co., 186 Mo. 430; Deolshagen v. Railroad,
186 Mo. 258; Rodgers v. Ins. Co., 186 Mo. 255; Gabriel
v. Railway, 130 Mo. App. 651. (2) The court erred
in overruling the demurrer interposed at the close of
the case, on the ground that under the pleadings and
the evidence there could be no recovery. Markowitz
v. Railroad, 186 Mo. 350; Grout v. Railroad, 125 Mo.
App. 552; Mockowik v. Railroad, 196 Mo. 550; Haffey
v. Railway, 135 S. W. 987; Harlan v. Railway, 138 S.
W. 677; Graefe v. Transit Co., 224 Mo. 262; Warner
v. Railroad, 178 Mo. 134; Boring v. Railroad, 194 Mo.
544; Dey v. Railway, 140 Mo. App. 468; Hawkins v.
Railroad, 135 Mo. App. 535. (3) The court erred in
admitting incompetent evidence offered by plaintiff.
Warden v. Railway, 78 Mo. App. 664. (4) The court
erred in giving Instruction No. 1 asked by plaintiff.
Detrich v. Railway, 127 S. W. 603; Beave v. Transit
Co., 212 Mo. 331; Degonia v. Railway, 123 S. W. 807;
Roscoe v. Railway, 202 Mo. 576; Orcutt v. Century
Bldg. Co., 201 Mo. 424; McGrath v. Transit Co.,

197 Mo. 97. (5) Where specific acts of negligence are pleaded, it devolves upon the plaintiff to prove the acts of negligence pleaded, and, if he recover at all, it must be on the specific acts of negligence pleaded, and not otherwise. Detrich v. Railroad, 127 S. W. 603; Black v. Railway, 217 Mo. 672; Beave v. Railroad, 111 S. W. 52; Kennedy v. Railroad, 128 Mo. App. 297; Roscoe v. Railway, 202 Mo. 576; Kirkpatrick v. Railway, 211 Mo. 68.

*M. A. O'Donnell* and *W. H. Maloney* for respondent.

(1) Appellants cannot complain about the sufficiency of the petition, after filing answer and going to trial. Sec. 1794, R. S. 1909; sec. 1804, R. S. 1909; Rogers v. Ins. Co., 186 Mo. 248; Boyd v. Transit Co., 108 Mo. App. 303; Morgan v. Morehall, 215 Mo. 451. No objection was made to the introduction of evidence under the petition; objection is late after trial. Sec. 1804, R. S. 1909; Mellor v. Railroad, 105 Mo. 471; State Bank v. Lumber Co., 121 App. 324; Ingerwisen v. Railway, 116 Mo. App. 139; Chovquotte v. Railway, 152 Mo. 257. (2) The demurrer of appellant cannot be considered by appellate court unless all the evidence is submitted. Nash v. Brick Co., 109 Mo. App. 600; Harrison v. Pound, 190 Mo. 349. The evidence and pleading state a complete case. Roscoe v. Metropolitan, 202 Mo. 576; Cole v. Railroad, 121 Mo. App. 613. (3) An objection to testimony must advise court of the reason for excluding testimony. Bragg v. Railroad, 192 Mo. 331. Objection to testimony is not made at proper time. Morris v. Williams, 111 S. W. 607; Boggs v. Laundry Co., 86 Mo. App. 616; Saettle v. Life Ins. Co., 81 Mo. App. 509. (4) Evidence that shows negligence as alleged, sufficient to make out a case will pass a demurrer; one of several allegations will suffice if case is established. Roscoe v. Metropolitan, supra; Cole

v. Railroad, supra; Markowitz v. Railroad, supra. (5) Instruction No. 2 asked by defendant stated the law when modified. Cole v. Met., 121 Mo. App. 613. The presumption that plaintiff would not get in place of danger, changes when actually in place of danger. Cole v. Metropolitan, 121 Mo. App. 613; Bunyon v. Railway, 127 Mo. 12. (6) Judgment was for proper party and should be affirmed. Sec. 2082, R. S. 1909; Scalpino .v. Smith, 135 S. W. 1000; Homuth v. Met., 129 Mo. 629; Ittner v. Hughes, 133 Mo. 679; Peterson v. Transit Co., 199 Mo. 331; Grocery Co. v. Gressman, 100 Mo. App. 338; Lower v. Mining Co., 142 Mo. App. 351.

ELLISON, J.—Defendant operates a line of street cars in Kansas City, and plaintiff's brother was riding plaintiff's horse along one of such streets when the car struck and killed the horse. This action followed and plaintiff recovered in the trial court.

Defendant makes complaint of the petition and plaintiff makes excuses therefor, but as the cause is to be retried we assume all valid objection will be removed. The petition charges negligence and specifies in what it consisted, i. e., that defendant in approaching plaintiff's brother ran its car at a dangerous, rapid and excessive rate of speed and without warning to him. The only instruction on negligence was not confined to the negligence specified. On the contrary it was couched in such language as would permit a recovery for any negligence in the operation of the car, within or without the allegations. This was error. [Beave v. Transit Co., 212 Mo. 331; Detrich v. Metropolitan Street Ry. Co., 143 Mo. App. 176.]

The trial court properly denied a demurrer to the evidence offered by defendant.

The judgment is reversed and cause remanded. All concur.