JAMES M. TURLEY, Respondent, v. METROPOLI-
TAN STREET RAILWAY COMPANY, Appel-
lant.

### Kansas City Court of Appeals.  October 7, 1912.

1. **NEGLIGENCE: Injuries to Passengers: Alighting from Car.**
Plaintiff was in the act of getting off a street car at a regular
stopping place, but beforse he could get down, the car started
and threw him to the pavement. *Held*, that if plaintiff told the
truth concerning the manner in which he was injured, he
was entitled to recover and the truth of his testimony was a
question for the jury.

2. **INSTRUCTIONS: Construed as a Whole.** It is not proper to
disjoint an instruction and construe it with reference to the
separate parts, but it should be considered as one.

3. **VERDICT: Not Excessive.** Where the injuries consist of two
broken ribs, injuries to hip and pain of body and mind suf-
fered, a verdict for $1500 is not excessive.

Appeal from Jackson Circuit Court.—*Hon. James E.
Goodrich*, Judge.

AFFIRMED.

*John H. Lucas* and *Charles N. Sadler* for appel-
lant.

*Boyle & Howell* and *W. F. Woodford* for respond-
ent.

BROADDUS, P. J.—This is a suit for damages
for an injury suffered by plaintiff as the alleged result
of defendant's negligence.  The plaintiff's petition,
after setting out that the defendant was a corporation
operating street cars in Kansas City, Missouri, and
other preliminary matters, alleged for his cause of
action the following: "That on or about the 28th
day of September, 1907, the plaintiff was a lawful pas-
senger on one of defendant's eastbound cars running

over and along Tenth street; that when said car had reached a point at or near the intersection of said Tenth street with Cherry street it was stopped by defendant for the purpose of permitting plaintiff to alight from said car; that while said car was so stopped at said place, plaintiff did attempt to alight from said car, and while in the act of so doing, and before he had reasonable time in which to do so, defendant carelessly and negligently started said car forward, and thereby caused plaintiff to be thrown from said car upon the pavement of said Tenth street, and thereby caused him to be injured as follows." The answer was a general denial.

The plaintiff, who was the only witness as to how the injury occurred, was a man about eighty years of age. His statement was to the effect; that he boarded the car at Tenth and Walnut streets and took a seat near the rear vestibule; that when the car arrived at Cherry street a signal was given for it to stop; that he did not recollect whether he or the conductor gave the signal; that the car stopped; that he started to get off, and, as he went down the step, he put his foot out, but before he could get it down, the car started and threw him to the pavement on the street. The time of the occurrence was between eleven and twelve o'clock at night.

The plaintiff's injuries, according to the testimony of Doctor Smith, who attended him, consisted of a fracture of two of his ribs and some bruises on his body, head and hips. It was the opinion of the doctor that plaintiff had not then, at the date of the trial on the 31st day of October, 1910, entirely recovered from the effects of his injuries.

The defendant introduced evidence to show that no report of the accident was made by any of the employees of the company operating cars on the Tenth street line at or about the time mentioned.

Dr. Castelaw, who was sent by the defendant to examine plaintiff, testified that plaintiff would not let him do so; that he told witness that he walked off a car in motion near an alley on Tenth street between Cherry and Holmes and had fallen and hurt his side; that his physician told him he had two of his ribs broken.

Thos. F. McAnany, a private detective, who was then, but not now, an employee of defendant, testified; that he had a talk with the plaintiff in the month of September, 1908, who said he did not exactly know how the accident happened; that he said, "he didn't remember much about the accident. He had been drinking that night, he said, down on Independence avenue and got on a car at some place and fell off, and talked something about two people taking him home." "Q. He told you that he did not remember how it happened. A Yes, sir, that his mind was a blank." This conversation was after the commencement of this suit.

There was other evidence of a contradictory character. The plaintiff testified that he had been drinking some, but that he was entirely sober.

The defendant offered a demurrer to the plaintiff's case at the close of his testimony, and also at the close of all the testimony, both of which were by the court overruled.

The court instructed the jury for the plaintiff as follows: "The court instructs the jury that if you believe and find from the evidence that the plaintiff was a passenger upon a car of defendant at the time he claims to have been injured, then, having received plaintiff upon board of said car, the due obligation of the defendant to plaintiff was to use the highest degree of care practicable among skillful and experienced men in that same kind of business to carry him safely, and a failure of the defendant, if you believe there was a failure, to use such highest degree of care would con-

166 Mo. App. 42

stitute negligence on its part; and defendant would be responsible for all injuries resulting to plaintiff, if any, from such negligence, if any. And if you believe and find from the evidence that on or about the 28th day of September, 1907, that while plaintiff was a passenger on said car that when said car had reached a point at or near the intersection of Tenth street with Cherry street in Kansas City, Missouri, said car was stopped by defendant for the purpose of permitting plaintiff to alight from said car, and that while said car was so stopped at said place plaintiff did attempt to alight from said car, and while in the act of so doing, and before he had a reasonable time in which to do so, defendant carelessly and-negligently started said car forward, and thereby caused plaintiff to be thrown from said car and upon the pavement of said Tenth street, and thereby caused him to be injured, and that plaintiff was in the exercise of ordinary care for his own safety while attempting to alight from said car, then your verdict should be for the plaintiff.''

Instruction No. 7 was given on the question of plaintiff's measure of damages. The jury returned a verdict for the plaintiff in the sum of $1500 From the judgment defendant appealed.

Defendant makes the following assignments of errors: First, that the court erred in overruling its demurrers to plaintiff's case. Second, that the giving of said instructions 6 and 7 was error. Third, that the verdict of the jury is excessive and unjust.

The demurrers were properly overruled. If the plaintiff told the truth, he was entitled to recover, and that was a question for the jury. The verdict is conclusive upon this court, and, therefore, there is no necessity for saying more.

The objection to instruction No. 6 is that it is not limited to the issues made by the pleadings; that it assumes disputed facts; and that it is misleading, confusing, argumentative, and repugnant on its face. If

the instruction is to be considered by its parts, and not as a whole, the objection would be good, as it would be too general and not confined to the question of the special allegation of negligence pleaded. [Detrich v. Railroad, 143 Mo. App. 176.] That is a question that need not be discussed.

It is not proper to dissert an instruction and construe it with reference to the separate parts, but it should be considered as one. The first part of the instruction, defining the degree of care the defendant owed the plaintiff as a passenger, and the statement that the failure of defendant to exercise such care constituted negligence for which the defendant would be responsible, is but a statement of the law generally. And it was said in Detrich v. Railroad, supra, that it was misleading and erroneous where special negligence was relied on, there being no other instruction directed to the issue of such special negligence. But here the instruction was directed to the allegation of specific negligence. The instruction as a whole is sound. The jury could not have been misled.

Instruction 7 limits plaintiff's claim for damages to pain of body and mind which he may have suffered from injuries, if any, to his right hip and two ribs on the right side of his body. As a matter of fact, it is as free from defendant's objection as it is possible to make it.

If plaintiff had two ribs broken, his hip injured, and suffered pain of body and mind, it seems to us that a verdict of $1500 is not excessive. It maybe and probably is unjust, as the great preponderance of the testimony was to the effect that plaintiff did not receive his injuries as he alleges, but the jury thought differently. Finding no error, the judgment is affirmed. All concur.