## L. L. HUFFT, Respondent, v. ROYCE DOUGHERTY and J. OSCAR DOUGHERTY, Appellants.

### Kansas City Court of Appeals, November 23, 1914.

1. **NEGLIGENCE: Driving Automobile: Frightening Team: Agency of Driver: Instructions.** Plaintiff sued father and son for personal injuries caused by the alleged negligence of the latter in driving an automobile on a much travelled highway so as to frighten plaintiff's team and cause them to run away and injure plaintiff. The son was not of age and lived with his father as a member of his family. This was undisputed as was also the fact that the son with his father's knowledge ran the car. In this regard the only thing denied by the father was the ownership of the car. If it was proved that the father owned the car then there was agency between the son and the father. *Held*, that an insruction which submitted the question of the father's ownership did not erroneously assume that the son was the father's agent in running the car, since, if the father did own the car, there was no proof tending to contradict such agency.

2. **————: ————: ————: ————: ————.** Where a petition specifies the acts of negligence relied upon and this is followed by an instruction telling the jury the specific acts of negligence they must find before a recovery can be had, it is not error to give another instruction telling the jury that the law imposed upon the driver of an automobile in a travelled highway the duty

of exercising the highest degree of care of a very careful person under like circumstances. Such an instruction would be understood as applying to the acts specified in the petition and the preceding instruction rather than as allowing a recovery for general negligence without regard to that specified in the petition.

3. ————: ————: **Ownership of Car: Evidence: Application for Registry Number.** In an effort to prove ownership of the car by the father where it appears that only one application was made to the Secretary of State for license and that the number corresponding to the application was on the car at the time of the accident, and that the father had driven the car, it was not error to admit the application for that number signed by the father even though it described another automobile. The whole constituted a circumstance tending to show an admission on the part of the father that he owned the car which the jury were entitled to consider along with other evidence tending to prove ownership.

4. ————: ————: **Pleading: Petition.** A petition should be considered in its entirety and not be cut up into different divisions and then construed in a way so as to defeat a judgment rendered thereon.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*W. S. Herndon* for appellant.

(1) Where the evidence is conflicting as to any material fact, an instruction which assumes the existence of such fact is erroneous. Bertram v. Railroad, 154 Mo. 654; First Nat. Bank v. Hatch, 98 Mo. 376; State v. Moore, 101 Mo. 316; Stone v. Hunt, 94 Mo. 480. (2) This instruction is further erroneous in that it gives the plaintiff the right to recover, on a general allegation of negligence, when the petition and plaintiff's right to recover is based on a specific allegation of negligence, viz., "dangerous and unsafe rate of speed, failure to give signal or warning and not checking the speed or stopping." This was erroneous. Cra-

ton v. Huntzinger, 163 Mo. App. 718; Orcutt v. Century Bldg. Co., 201 Mo. 424; Maynard v. Railroad, 155 Mo. App. 352; Lowenstein v. Railroad, 110 Mo. App. 686. (3) The petition does not allege that the place where the alleged injury was received was "at a place on a public highway much used for public travel nor does it allege a failure of the defendants to use the highest degree of care, as stated in the instruction, and it authorizes a recovery on grounds not stated in the petition. Beave v. St. Louis Transfer Co., 212 Mo. 331; Conway v. Street Railway, 161 Mo. App. 503. (4) But if the general allegation of negligence in the plaintiff's petition would be sufficient in this case, it was followed by specific allegations of negligence, and the general rule is that in such case the general allegations are merged in the specific charge of negligence. Beave v. St. Louis Transfer Co., 212 Mo. 331; McManamee v. Railroad, 135 Mo. 447; Watson v. Mound City Ry. Co., 133 Mo. 248; Waldier v. Railroad, 71 Mo. 514; Gibler v. Railroad, 148 Mo. App. 487.

*R. H. Musser* and *Darl B. Cross* for respondent.

TRIMBLE, J.—While driving a team of mules upon a public street in the town of Lathrop, plaintiff was met by an automobile which he says was driven at such a high, reckless and dangerous speed, and in such negligent manner that his team became frightened and ran away throwing him out and seriously injuring him. He sues to recover damages.

That he was met on the street by the automobile and that his team ran away no one disputes. The automobile was driven by the defendant's son, a young man about twenty years of age living with his father. The son claims that he and not the father owned the automobile. It is also claimed that certain errors were committed during the trial which will be considered herein.

The petition alleges that Royce Dougherty, the son, was the agent and servant of the defendant, J. Oscar Dougherty, in operating the automobile and that, in running it upon a public highway in continuous use for public travel, known as Center street in the city of Lathrop, and in approaching plaintiff thereon, said automobile was negligently run at a high, dangerous and unsafe rate of speed, without signal or warning and without checking speed, or stopping said automobile as it approached plaintiff's team although the operator of the car knew, or by the exercise of care could have known, of the team's fright, and that by reason of such negligence said team was caused to run away and throw plaintiff out and injure him.

Upon the question of the ownership of the automobile, the plaintiff testified that he had a conversation with the father, J. Oscar Dougherty, after the accident in which he admitted that he owned the automobile and that his son was out showing the car. The father prior to this had been selling cars and receiving commissions therefor and the son had been assisting in the work of demonstrating them besides driving the car for pleasure and other purposes. There was testimony that both the father and son had driven this particular car. The father denied having an agency to sell cars at the time of the accident, but would not say he was not trying to sell cars, when asked that question, and admitted that if he had sold any he would have gotten a commission. He denied ownership of the car, but did not known how his son, who was not yet of age and still living at home, had obtained it. A letter written by the son and also one by the father tend to show that the latter was the real owner of the machine. An application to the Secretary of State for registration certificate No. 13453 for 1912, signed by J. Oscar Dougherty, was offered in evidence as tending to show ownership of the car. This application described a former car owned by Dougherty and

for this reason it was objected to and its admission is relied upon as error. But it was shown that the said defendant never applied for but one license and that was No. 13453 of 1912; that this number was used on the car in question and was on it at the time of the accident. It was permissible to show the ownership of the license number in use on the car as a circumstance showing the car's ownership. The application for this license was, therefore, admissible in evidence. [Whimster v. Holmes, 177 Mo. App. 130; Motor Vehicle Act, sec. 3, Laws 1911, p. 323.]

Plaintiff's instruction number 1 is attacked on the ground that it assumes that the son was the father's agent and does not require the jury to find that he was. The instruction read that if the jury found from the evidence certain facts "and that at said time, defendant J. Oscar Dougherty was the owner of a certain automobile and his agent, servant and employee, Royce Dougherty was then driving, running and managing said automobile, etc." This certainly submitted to the jury the question whether J. Oscar Dougherty owned the automobile. And, if he did own it, then, under the undisputed evidence, the son was his servant running it. [Daily v. Maxwell, 152 Mo. App. 415, l. c. 426-7.] The disputed question was solely whether the father owned the machine. If he owned it, then the son, in running it, was the father's agent and there was nothing in the evidence to show otherwise. Under the evidence, the son's agency follows as a necessary consequence of the father's ownership. When that was found to be the situation, then there remained no question of the son's agency. Hence, the instruction was not erroneous as applied to the evidence in the case.

The instruction, we think, followed the allegations of the petition. It should not be cut up and subdivided into different divisions and then construed as allowing a recovery upon general negligence when the petition charged particular negligence. The instruc-

tion as well as the petition, perhaps, used more verbiage than necessary, but, considered in the entirety, the petition alleged specific charges of negligence and the instruction followed the petition.    •

It is claimed that plaintiff's instruction number 3 is erroneous in that it authorizes a recovery on grounds not stated in the petition. We do not think the instruction is open to this charge. The petition alleged that the place in question was a public highway known as Center street in the city of Lathrop and was in continuous use for public travel for persons and vehicles. This was an allegation that "the accident was at a place in a public highway much used for travel." The instruction told the jury that at such places the law imposed upon the operator of the automobile the duty to exercise the highest degree of care that a very careful person would use under like or similar circumstances. It is true the petition did not allege in so many words that there was a failure to exercise such high degree of care, but it alleged that the operator acted negligently, and section 9 of the Motor Vehicle Statute says that a failure to use such high degree of care is negligence. [Laws 1911, p. 330.] Nor does the instruction turn the jury loose and authorize a recovery upon any act of negligence whether specified in the petition or not. The negligence charged was in running at a high rate of speed without signal or warning, and in failing to check or stop when plaintiff's perilous situation was, or could have been, discovered. Instruction number 2 told the jury what they must find in this regard before plaintiff could recover. It followed the specifications of negligence stated in the petition. Now when, in instruction number 3, the jury were told that the law imposed the duty to exercise the highest degree of care of a very prudent person in like or similar circumstances, this clearly would be understood as referring to the acts charged in the petition and specified in instruction number 2. Espe-

cially is this true where there was no evidence of any negligent acts aside from those pleaded in the petition and set forth in said last named instruction number 2. The case is, therefore, unlike the cases of Beave v. St. Louis Transfer Co., 212 Mo. 231 and Conway v. Metropolitan Street Railway, 161 Mo. App. 501, cited by appellants. In both of these cases there was no instruction which followed the petition and specified the negligent acts necessary to be found in order to support a recovery. The petitions in those cases specified the negligent acts and then were immediately followed by instructions which said nothing about the specific acts charged but allowed a recovery for general negligence. With regard to the degree of care required, the instruction may have been inconsistent with other instructions given which defined negligence as the want of ordinary care, but this cannot be deemed reversible error since the inconsistency was in favor of rather than against defendants.

With regard to plaintiff's instruction number 4, the observations hereinbefore made concerning instruction number 2 apply. If the father owned the car, then all the evidence, defendants' as well as plaintiff's, showed that the son was, in law, the agent of the father in operating the automobile. The instruction submitted to the jury the questions as to whether the father owned the car and whether he had permitted the son to run and operate it, and if both these things were true, then the law does presume, under the circumstances shown in evidence, that the son was acting as the father's agent and in the line of his service. The father did not dispute the son's operation and use of the car. He denied only that he owned it. As the instruction submitted the question of ownership, and there was no dispute as to what was done by the son, nor showing made that he was not in the line of his service, clearly there was no error in giving the instruction.

The refusal of defendants' instruction number 2 is complained of. There was no evidence tending to show the mules were a dangerous span given to running away at sight of ordinary objects or otherwise, nor that they ran away because plaintiff jerked them. If there were any other elements of defendants' case in the instruction they were fully covered by other given instructions, and this last applies to defendants' refused instruction number 6. It was fully covered by defendants' given instruction number 4.

After a careful examination of the record we are unable to perceive any substantial error in the case. As to what were the true facts was for the jury. They have found them in favor of plaintiff and there was substantial evidence to support that finding. We are, therefore, without authority to disturb it or the judgment based thereon. Therefore, it is affirmed. All concur.