DORA SAEGER, Defendant in Error, v. WABASH RAILROAD COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, May 25, 1908.

1. PASSENGER CARRIERS: Alighting: Pleading. A passenger cannot recover for an injury received while attempting to alight from a slowly moving train upon an allegation that the car was suddenly started while he was in the act of alighting; but otherwise when the motion is so slow as not to enhance the dangers attending an attempt to alight.

2. ——: ——: ——: Evidence: Jury. The evidence is held as definite as could be reasonably expected from an ordinary female passenger under the circumstances, and its meaning was for the jury, and the question is not open for review.

3. ——: ——: Thrown: Jumping. Where the right of recovery is predicated upon the negligence of starting the train while the passenger was in the act of alighting it is immaterial whether he was thrown off or jumped off for safety.

4. **EVIDENCE: Expert: Conclusion: Mental Effect.** An expert was asked if the jump from the car would produce the plaintiff's injury and the answer was "it certainly might." *Held*, the question and answer were admissible as also the question of the effect on the plaintiff's mind, since there was an allegation of suffering in mind and body.

5. **PASSENGER CARRIERS: Alighting: Instructions: Evidence.** An instruction is held not improperly to call attention to the injury of the plaintiff and to be supported by the evidence.

Error to Schuyler Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*J. L. Minnis* and *Higbee & Mills* for plaintiff in error.

(1) The court erred in refusing a demurrer at the close of plaintiff's evidence; also at the close of all the evidence. The allegation is that the train stopped and while she was attempting to alight, it suddenly and violently started and she was thrown onto the platform. This allegation is wholly unsupported by the evidence; there was a total failure of proof. She was not seeking to recover for injuries received while alighting from slowly moving train. She must recover upon the cause of action as alleged, which is that the car was not in motion when she attempted to alight, but was suddenly started with a jerk that threw her off. Bond v. Railroad, 110 Mo. App. 138; Mitchell v. Railroad, 108 Mo. App. 150; Green v. Railroad, 122 Mo. App. 647, 99 S. W. 30. (2) There was a total failure of proof. There was no evidence tending to prove that the train stopped, or that while she was attempting to alight, it suddenly and violently started. She jumped from the moving car with her eyes open, with every means to know the risk she took. Payne v. Railroad, 136 Mo. 594. Therefore, her own conduct, and not the starting of the train, was the proximate cause of her injury. Shareman v. Transit

Co., 103 Mo. App. 529; Neville v. Railroad, 158 Mo. 293; 1 Thompson, Neg., secs. 178, 185, 186. The harm I bring upon myself I must bear myself. 7 Am. and Eng. Ency. Law (2 Ed.), 371; Nelson v. Railway, 113 Mo. App. 713; 3 Thompson, Comm. Law of Neg., secs. 2876, 2877, pp. 341-343. Her statement that it was "jump or fall," was a mere conclusion, not consistent with her other testimony, or that of all the other eye-witnesses and is not entitled to any consideration; it affords no substantial basis for recovery. (3) The court erred in overruling defendant's objection to the hypothetical question propounded to Dr. Mitchell, "would the jumping off the car produce the condition plaintiff is in?" That was the question the jury was to decide and the answer was an invasion of their province, and should have been stricken out. Spaulding v. Edina, 122 Mo. App. 69. The question was too indefinite. (4) The petition did not allege that plaintiff's mind was impaired as a result of her injuries. The court erred in permitting Dr. Mitchell to testify to such result. It was not embraced within the special allegations of the petition.

*N. A. Franklin, Claude C. Fogle, Earle E. Fogle* and *C. C. Fogle* for defendant in error.

(1) Plaintiff made a prima-facie case to go to the jury. The court did not err, therefore, in refusing defendant's demurrers. Bell v. Railway, 103 S. W. 146; Bond v. Railroad, 110 Mo. App. 131; Regan v. Transit Co., 180 Mo. 144; Ilges v. Transit Co., 102 Mo. App. 532; Ephland v. Railroad, 71 Mo. App. 597. (2) Where there is any evidence, however slight it may be, and whether it be direct or inferential its weight and sufficiency must be determined by a jury. Twohey v. Fruin, 96 Mo. 104; Chas. v. Patch, 87 Mo. 450; Ilges v. Transit Co., 102 Mo. App. 532; Davis v. Clark, 40 Mo. App. 515; Young v. Webb City, 150 Mo. 333. (3) The evi-

dence shows that the train barely stopped at the platform at Julesburg, that plaintiff was on the lower step to get off and as she was in the very act of alighting on the platform the train suddenly jerked and started rapidly out, plaintiff jumped to get off, but if she had not she would have fallen. Plaintiff is not barren from recovery under such circumstances. Lloyd v. Railroad, 53 Mo. 509; Jackson v. Railroad, 29 Mo. App. 495; Moore on Carriers, p. 663; Murphy v. Railroad, 43 Mo. App. 342-357; Leslie v. Railroad, 88 Mo. 50; Richmond v. Railroad, 49 Mo. App. 104; McGee v. Railroad, 92 Mo. 208, 103 S. W. 142, 144; Clotworthy v. Railroad, 80 Mo. 220; Straus v. Railroad, 75 Mo. 185; Swigert v. Railroad, 75 Mo. 475. (4) If the defendant did not hold its train at Julesburg a sufficient length of time to enable the plaintiff by the exercise of reasonable diligence, to get off in safety and the train was started while plaintiff was in the act of getting off and she was thrown onto the platform and injured, defendant is liable. Straus v. Railroad, 75 Mo. 185; Bell v. Railroad, 125 Mo. App. 660; Hickman v. Railroad, 91 Mo. 433; Tobriner v. Railway, 147 U. S. 571; Cobb v. Railway, 149 Mo. 135. (5) If the defendant could have prevented the accident by the utmost human sagacity and foresight it is liable. Clark v. Railroad, 127 Mo. 197; Kennedy v. Railroad, 36 Mo. 351; Hulesonkamp v. Railroad, 37 Mo. 546; Spohn v. Railroad, 87 Mo. 74; Meyer v. Railroad, 40 Mo. 151. (6) If there was any variance in pleading and proof, advantage must be taken of it as provided by statute, otherwise it is waived. Ridenhour v. Railroad, 102 Mo. 285; Bank v. Leyser, 116 Mo. 68; Howard Co. v. Baker, 119 Mo. 406; Hannon v. Transit Co., 102 Mo. App. 216; Fisher v. Realty Co., 159 Mo. 562.

BROADDUS, P. J.—This is a suit to recover damages for the alleged negligence of the defendant in the

operation of its passenger train whereby the plaintiff was damaged.

The allegations of the petition are to the effect: That on the 27th day of December, 1906, the plaintiff took passage on the defendant's train at Queen City for Julesburg; that when the train arrived at her destination it did not stop a reasonable length of time to allow plaintiff to alight in safety; but barely slowed up to a short. stop; and that while she was attempting to alight from the lower step of the platform of the car, the train was suddenly and violently started, throwing her off and onto the platform of the station. The plaintiff testified that the train just came to a stop; that she started to get down and the train started and she jumped; that the train was running when she got off; and that it was not running when she started to get off. To use her own language: "I started to get off. The train then started up suddenly. It was jump or fall and I jumped. I jumped toward the west. It turned my face toward the north. I lit on my feet, lit hard." The plaintiff on being recalled was asked as follows: "What did you tell Dr. Mitchell as to whether or not the train stopped or not?" A. "I told him the train slowed up and just barely came to a stop. I thought it was going to stop and started to get off and it started too sudden." The defendant's testimony was to the effect that the train did not stop and that it was moving when the plaintiff attempted to alight. On this issue the preponderance of the evidence was greatly in its favor. The plaintiff was severely injured. The judgment was for plaintiff from which defendant appealed.

The defendant insists that plaintiff was not entitled to recover uder the allegation of her petition and her testimony, because the allegations of her petition is that the train had stopped at the station and that while she was attempting to alight the train suddenly started and threw her off, while her proof is that the

train did not stop but only slowed up, and that she jumped, and was not thrown off the car by its sudden starting. It is held, that, a plaintiff is not entitled to recover for injuries received while attempting to alight from a slowly moving train, upon an allegation in his pleading, that the car was suddenly started while he was in the act of alighting. [Bond v. Railroad, 110 Mo. App. 131; Mitchell v. Railroad, 108 Mo. App. 142.] A distinction however is made where it appears that the car was moving so slowly as not to enhance the danger attending an attempt to alight. [Green v. Railway, 122 Mo. App. 647, 99 S. W. 29.]

Although plaintiff's statement as to whether the train was at a stand when she started to alight or was moving was not as clear as it should have been, it is about as much so as we could reasonably expect from the ordinary female. They are as a rule indefinite under such circumstances. It is scarcely necessary to say that such is a matter of general knowledge. It was a matter for the jury to determine. And as they have found that the train did come to a stop, and moved when plaintiff was attempting to alight, the question is not open for review in this court.

It is, however, claimed that she was not injured by being thrown from the car, but that she jumped from it, therefore, she is not entitled to recover on the allegations of her petition that she was thrown from the car. This is drawing a rather fine distinction. Plaintiff said: "It was jump or fall." The plaintiff's right of recovery is predicated upon the negligence of defendant in starting the train while plaintiff was in the act of alighting, and it is immaterial whether she was thrown off or that she jumped off for safety. [Nelson v. Railroad, 113 Mo. 702.]

Dr. Mitchell was asked: "Would the jumping off the car produce the condition plaintiff is in." The question was permissible. The answer was: "It cer-

tainly might." And whether the question was permissible or not, the answer was, therefore defendant was not prejudiced in any event. The doctor was asked what effect the injury might have on plaintiff's mind. The question was objected to because there was no allegation of injury to plaintiff's mind. The allegation as to that matter, is that she suffered in mind and body. The objection was overruled and the witness permitted to testify. We believe the action of the court in that respect was proper.

What has been said is an answer to most of the defendant's objections to certain instructions given at the instance of the plaintiff. It is contended that the fourth instruction was vicious and prejudicial to defendant as it called special attention to the "pulling down sensation or prolapsus of the womb," as there was no evidence of such sensation. As plaintiff's injury resulted in *prolapsus uteri* it was not necessary to prove such sensation, for prolapsus is a pulling down of the womb, and it is to be assumed that the sensation naturally and necessarily follows.

The cause was well tried. Affirmed. All concur.