MINNIE C. KINYOUN, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 30, 1911.

1. CARRIERS OF PASSENGERS: Safety Stop. The cause of action pleaded was the negligence of the carrier in suddenly starting a car while a passenger was in the very act of alighting. The car was stopped at a place not intended for use as a passenger station, and for another purpose than the admission and discharge of passengers. *Held*, that the carrier should not start the car while a passenger is alighting at such a place with the knowledge and consent of the conductor. Hence, a demurrer to the evidence was rightly overruled.

2. ———: ———: Instructions. Where the gravamen of the action pleaded was negligence in suddenly starting a car that had been brought to a standstill before plaintiff started to alight, the court did not err in striking out the words "or moving slowly," in an instruction authorizing the jury to find for plaintiff, if they should believe that her fall was caused by the sudden start of the car while she was alighting, and that she was alighting "while said car was at said point, either stopped, *or moving slowly*." Such instruction enlarged the scope of plaintiff's cause of action to include negligence in starting a car in a case where the forward motion of the car during the effort to alight could have been a co-ordinate factor in producing the injury.

3. ———: ———: Where there is evidence in the record from which the inference would be reasonable that the car was moving so slowly that its motion could not have had any effect on the alighting passenger, it is prejudicial error to hold plain-

tiff to recovery, if at all, only on finding that the car came to a dead stop, and was in that condition when its sudden start threw her to the pavement.

Appeal from Jackson Circuit Court Court.—*Hon. H. L. McCune,* Judge.

AFFIRMED.

*John H. Lucas* and *Charles N. Sadler* for appellant.

(1)    The trial court did not err in refusing to give plaintiff's instruction No. 1, in modifying instruction No. 4, and in giving defendant's instruction No. 4. Bond v. Railroad, 110 Mo. App. 138; Peck v. Transit Co., 178 Mo., 624; Behen v. Transit Co., 186 Mo., 430; Ingles v. Railroad, 129 S. W. 492; Beave v. Transit Co., 212 Mo., 331.    (2) · The court erred in refusing to give the peremptory instruction in the nature of a demurrer offered by the defendant at the close of plaintiff's evidence, and again at the close of all the evidence; therefore it was error to grant a new trial in any event.    Jackson v. Railroad, 118 Mo., 199; Jacobson v. Transit Co., 106 Mo. App. 339; Corum v. Railroad, 113 Mo. App. 631; Nurse v. Railroad, 61 Mo. App. 67, and cases cited; McCarty v. Railroad, 105 Mo. App. 596; Spaulding v. Railroad, 184 Mass. 470; Railroad v. Mills, 91 Ill. 39.    (3)    The verdict of the jury herein being manifestly for the right party it should not have been set aside by the court and a new trial granted even though all the errors charged in the motion for new trial had been committed. R. S. 1909, sec. 2082; Quinn v. Railroad, 218 Mo. 545; Clack v. Subway Co., 119 S. W. 1014; Mockowik v. Railroad, 196 Mo. 568; Loftus v. Railroad, 119 S. W. 942; Baustian v. Young, 152 Mo. 325; Bassett v. Glover, 66 Mo. 381; U. S. Mtg. & Tr. Co. v. Crutcher, 169 Mo. 485.

*House & Manard* for respondent.

JOHNSON, J.—In alighting from a street car on which she was riding, plaintiff fell and was injured. She alleges her injuries were caused by the negligence of defendant in suddenly starting the car—which had been brought to a complete stop—"before the plaintiff had alighted therefrom and before the plaintiff had a reasonable time to alight therefrom and when the servants and agents of the defendant in charge of said car knew, or by the exercise of ordinary care might have known, that plaintiff was attempting to alight therefrom and was in a position of danger."

Plaintiff became a passenger on a north-bound Prospect avenue car at Thirty-first street and intended to alight at Twenty-fourth street, but on account of the darkness and the rapid speed of the car did not know when she reached her destination and was carried beyond it. She testified that she inquired of the conductor "Have we passed Twenty-fourth?" and that he replied, "Why I should say so. We are at Eighteenth street now." She exclaimed "Oh, my goodness, me!" and went out to the rear platform. The conductor, who was on that platform, rang the bell and came into the car, passing plaintiff on her way out. The car stopped and plaintiff started to step down to the pavement. She seized the handhold at the rear of the vestibule with her right hand and was stepping down when the car suddenly started forward and threw her to the pavement. She supposed the car was stopped at the regular stopping place on the south side of Eighteenth street and that the conductor had caused it to be stopped to permit her to alight. The car had not reached the regular stopping place but had made a "safety stop" at a point some distance south of the regular place for receiving and discharging passengers. The rules of the company required the north-bound cars to stop at a designated point near the middle of the block on account of the hill in that block, and a cross street car line on Eighteenth street. Plaintiff states she did not know

of the practice of making "safety stops" on that hill but, as stated, supposed the car was at Eighteenth street. It is a fair inference from her evidence that, though the car was stopped in the middle of the block, the conductor knew she was alighting and, in effect, invited her to alight at that place.

The evidence of defendant contradicts that of plaintiff in essential features. It tends to show that instead of inviting plaintiff to alight during the safety stop, the conductor, when he learned she had been carried by her destination, said to her, "Wait a minute and I will fix it so you can go back on the next car." Witnesses for defendant say the car only slackened speed at the safety post and did not come to a full stop and that plaintiff's fall was caused, not by a sudden start of the car, but by her awkward attempt to alight from a moving car. The evidence is not in entire accord respecting the slowest speed of the car. The jury might have believed that such speed was over three miles per hour or that it was so slow that for practical purposes it amounted to a full stop.

The jury returned a verdict for defendant, but on the hearing of a motion for a new trial, the court set aside the verdict and granted a new trial on the ground of error "in refusing to give plaintiff's instruction No. 1 and in modifying instruction No. 4, also for giving defendant's instruction No. 4." Defendant appealed and argues there was no error against plaintiff in the instructions and that the court should have sustained defendant's demurrer to the evidence. Counsel for plaintiff filed no brief.

There is no merit in the contention that the court should have taken the case from the jury. The cause of action pleaded is the negligence of the carrier in suddenly starting the car while a passenger is in the very act of alighting. Plaintiff's evidence sustains such cause. When a street car is stopped at a regular stopping place for the ingress and egress of passengers, it

is the duty of the carrier to hold the car stationary while a passenger is making a reasonable effort to alight. And where the car is stopped at a place not intended for use as a passenger station and for another purpose than the admission and discharge of passengers, the carrier should not start the car while a passenger is alighting, in a case such as that depicted by the evidence of plaintiff where the passenger was leaving the car with the knowledge and consent of the conductor.

The demurrer to the evidence was properly overruled.

In the instructions asked by plaintiff the jury were authorized to find for her if they should believe that her fall was caused by the sudden start of the car while she was alighting and that she was alighting "while said car was at said point, either stopped, *or moving slowly."*

The court struck out the italicized words and thereby precluded a recovery by plaintiff unless the jury should find the car was stationary when she attempted to alight. In instruction No. 4, given at the request of defendant, the jury were told "that the only negligence that is submitted to you for consideration in this case is that after the car was brought to *a full stop* . . . and while plaintiff was in the act of alighting therefrom, defendant's servants, operating the car, negligently caused . . . it to give a sudden and violent jerk thereby throwing plaintiff," etc. And in another instruction, given at the request of defendant, the jury were told "if you believe and find from the evidence that the plaintiff's injuries, if she sustained any injuries, were caused by her leaving or attempting to leave the car while the same was in motion, either before it stopped, or after it had stopped and started again, then the plaintiff cannot recover, and your verdict must be for the defendant."

153 App—31

The instructions asked by plaintiff are not in harmony with the rule applied by this court in Bond v. Railroad, 110 Mo. App. l. c. 138, and the court did not err in refusing to give them. The gravaman of the action pleaded in the petition was negligence in suddenly starting a car that had been brought to a standstill before plaintiff started to alight. No rule is better settled than that which restricts a plaintiff to a recovery only on the cause pleaded. "He must recover upon the cause of action as alleged which is that the car was not in motion when he attempted to alight, but was suddenly started with a jerk that threw him off and caused his injury." [Bond v. Railroad, supra.]

As we shall hold, there would be in such case no material variance between *allegata* and *probata,* if the proof showed that the car had not been brought to a dead stop but had its speed reduced to an imperceptible or perfectly harmless forward motion, but the instructions of plaintiff, had they been given, would have authorized the jury to find for her even on the hypothesis that the forward motion of the car while she was attempting to alight was fast enough to make it a factor in causing her fall. The term "moving slowly" when applied to the speed of an electric street car might refer to any rate of speed less than eight or ten miles per hour. Plaintiff's petition precluded her recovery on any other hypothesis than that of an injury caused solely by the sudden start of the car and her instructions were erroneous for the reason that they enlarged the scope of her cause of action to include negligence in starting the car in a case where the forward motion of the car during the effort to alight could have been a co-ordinate factor in producing the injury.

But in the modification of plaintiff's instructions as well as in the giving of the instructions asked by defendant, the court erroneously went to the opposite extreme in holding plaintiff to recovery, if at all, only on the finding that the car had come to a dead stop and

was in that condition when its sudden start threw her to the pavemet. There is evidence in the record from which the inference would be reasonable that the car was moving so slowly its motion could not have had any effect on the alighting passenger. Still the instructions given by the court compelled a verdict for defendant even in such case. We considered an identical situation in Green v. Railway, 122 Mo. App. l. c. 653, where we said: "Without qualification or exception, the instruction directs a verdict for defendant, should the jury find that plaintiff 'voluntarily attempted to step off the car while it was in motion.' This means that if the car had any motion at all, however slight, when plaintiff began her step to the ground, still she could not recover notwithstanding a sudden acceleration of speed might have been the immediate cause of her fall. It would be extremely harsh and technical should we say that the existence of an almost imperceptible motion when plaintiff's last step began would disprove the act of negligence charged. To have such effect, the motion of the car should be at a rate of speed that in some degree, though slight, would enhance the danger of the act. If less than this, the car for the purpose of alighting from it should be regarded as stationary. [Forrester v. Railroad, 116 Mo. App. 37.]"

Reaffirming the rule just stated and applying it to the case in hand, we must hold that in the instructions given, the court erroneously curtailed the scope of the cause of action pleaded and supported in the evidence. The error was prejudicial and the learned trial judge did right in granting a new trial.

The judgment is affirmed. All concur.