NELL NORRIS, Administratrix, Respondent, v. METROPOLITAN STREET RAILWAY, Appellant.

Kansas City Court of Appeals, May 1, 1911.

1. STREET RAILWAYS: Carrier: Negligence: Unusual Stopping Place. Where a passenger on a street railway signals for the car to stop as it approaches a street where he wants to get off, and then arises from his seat and goes forward to the front exit, the car in the mean-time slacking speed as though to stop, though going by the usual stopping place, yet continuing to slacken until a stop is made or so near a stop as not to be distinguishable, the passenger has a right to suppose the stop is being made for him and to prepare to get off. And if, when standing in such position prepared to step off, the car is negligently, violently and suddenly propelled forward and he is thrown to the street and injured, the company is liable notwithstanding it was not a regular stopping place.

2. TRIAL: Instructions: Abstract Proposition. An instruction should not be broader than the pleading upon which it is based; nor should it contain, alone, a mere abstract proposition or

definition, but, connected with other instructions, it may become harmless. Cases of Beave v. Transit Co.; 212 Mo. 331, and Detrich v. Railroad, 143 Mo. App. 176, distinguished.

3. **INSTRUCTIONS: Penalty: Verdict: Minimum Sum.** Where the action is on a penal statute giving a minimum and maximum amount of damages, and the verdict is for the *minimum* sum, it is not harmful or reversible error if an instruction for plaintiff has not been properly limited in regard to the character of damages which plaintiff should be entitled to, in making up the total sum to allow him.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*John H. Lucas* and *Charles N. Sadler* for appellant.

*Cowherd, Ingraham, Durham & Morse* for respondent.

ELLISON, J.—Plaintiff's intestate husband was a passenger on one of defendant's street cars operated by electricity in Kansas City. In attempting to leave the car, he fell violently to the ground and received injuries of such serious character that he afterwards died. This action is to recover damages for such injury, based on a charge of negligence in operating the car. Plaintiff prevailed in the trial court.

There was evidence tending to prove that deceased pushed the signal electric button for the car to stop at Forest avenue and that this was done just after leaving the last street. He then arose from his seat and walked forward into the front vestibule to alight when the car would stop, passing by the motorman, who saw him. But the car failed, for some reason, to stop at the regular place, but did begin to slacken speed, until some distance by the regular place, when it came to a stop, or so nearly a stop as to be of no appreciable difference. No one appears to have seen deceased actually engaged in

alighting, but there was abundant evidence tending to show that the car suddenly started forward with such a jerk as to throw him backward so that he fell heavily to the street with his feet in the direction the car was going, striking the back of his head on the pavement with great violence. As the car was about stopping he was seen going through the vestibule as though to get off, and when after coming to the stop, it suddenly jerked forward, the sound of his striking the street was heard. The motorman saw him but stated he passed through and "walked off the car." Relatives who were with him on the car and saw him signal the car to stop and get up and go forward, knew that he intended to get off at Forest avenue, and when the sudden forward movement of the car occurred, and before they knew he had been thrown to the street, said they did not think he had had time to get off.

There was no just ground upon which to base a demurrer to the evidence, and it was properly overruled. The position taken by defendant is as though it had no part in the unfortunate affair. It cannot be disputed that, ordinarily, if a passenger attempts to leave a moving car between streets and not at a usual stopping place, he takes the risk of whatever may happen to him, unless his peril was seen and his injury could reasonably have been avoided.

But that is not this case; for there was evidence which may reasonably be said to show that deceased was, in effect, invited to leave the car at the time and place he made the attempt. He gave the usual signal to stop at the next street and the car began to slacken in speed while he went to the place of exit to the street. It is true it did not stop at the usual and expected place, but the speed continued to slacken until finally it did stop, or so nearly as to be scarcely distinguishable from a stop. What more natural than that deceased, noting the slow movement of the car and the gradual stopping, should be at the place to step off when it did stop? And

what more negligence is necessary to show than that in this situation the motorman started the car forward with great suddenness and violence? Cases have been held to be sufficiently made out in instances of much similarity to this. [Cobb v. Lindell Ry. Co., 149 Mo. 135; Hufford v. Met. St. Ry. Co., 130 Mo. App. 638; Kinyoun v. Met. St. Ry. Co., 134 S. W. 15.]

The instructions for plaintiff are criticised. It is claimed that there is a specific charge of negligence and that an instruction was given which gave the jury liberty to go beyond the matters specified and find defendant guilty of *any* negligence, and that this was material error under the cases of Beave v. Transit Co., 212 Mo. 331, and Detrich v. Railroad, 143 Mo. App. 176. Neither of those cases is applicable. In each of them the instruction went beyond a mere definition of the care required of a carrier of passengers. In each case the definition was made to apply to the operation of the car there in question; while in this case the instruction is a mere definition, without application to the car upon which deceased was riding. Unless connected with plaintiff's instruction No. 1, which preceded it, it would be a mere abstraction and therefore would have been perhaps improper, except as it might be read with No. 1. If read in that connection, it was well enough. Taken together, we think the instruction supported by Wellman v. Met. St. Ry. Co., 219 Mo. 126, and Cobb v. Lindell, supra.

Objection is made to the instruction on the measure of damages. The particular point made is that it was so general in its character as to leave the jury at liberty "to roam at will, or as their fancy might dictate, in determining the amount plaintiff should recover." The statute (sec. 5425, R. S. 1909) permits a recovery "as a penalty the sum of not less than two thousand dollars and not exceeding ten thousand dollars, in the discretion of the jury." In this case the verdict was for the minimum sum, and therefore no harm could result. In other words, the jury could not have done better for de-

fendant if the instruction had been drawn with the utmost particularity and restriction upon the amount plaintiff should recover.

We think no error was committed in the matter of questions asked by plaintiffs counsel to which objections were sustained.

The judgment is affirmed. All concur.