## CATHERINE GUNN, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

### St. Louis Court of Appeals, November 4, 1913.

1. **INSTRUCTIONS: Founded on Erroneous Theory of Adverse Party: Refusal not Error.** It is not error to refuse instructions requested by defendant, which do not correctly declare the law, even though, because of the theory upon which plaintiff sought to recover and which she pursued throughout her case, she would not have been heard to complain of them, had they been given.

2. **CARRIERS OF PASSENGERS: Injury to Passenger: Premature Start of Car: Allowing Recovery if Car Was in Motion: Pleading: Instructions.** In an action against a street railway company, the petition alleged that plaintiff started to get on defendant's street car while it was stopped, and that, while so engaged and before she had a reasonable time in which to get safely on the car, defendant negligently started the car, injuring plaintiff. Plaintiff testified that the car was standing still when she attempted to board it, but there was other evidence in her behalf that it was moving. *Held*, that any motion of the car, however slight, at the precise moment when she took hold of the handrail and attempted to step upon the car step, would not necessarily defeat a recovery, since the allegation that the car had stopped when plaintiff started to board it was not an allegation of an act of negligence, but a matter of inducement, and hence instructions requested by defendant, denying a recovery if the car was moving when plaintiff attempted to board it, were properly refused; distinguishing Peck v. Transit Co., 178 Mo. 617.

   *Held*, by REYNOLDS, P. J., dissenting, that the Peck case, supra, is in point and controlling, and that the allegation that the car was at a stop when plaintiff attempted to board it was of the substance of the charge, and not mere matter of inducement, and hence the court erred in refusing the instructions.

3. **NEGLIGENCE: Pleading: Specific Negligence: Instructions.** In an action for personal injuries, plaintiff must recover, if at all, upon the specific negligence alleged.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.  CAUSE CERTIFIED TO SUPREME COURT.

*Boyle & Priest* and *R. E. Blodgett* for appellant.

(1)  The court erred in refusing the following instruction requested by defendant:  "The court instructs the jury that if you find and believe from the evidence that plaintiff attempted to board a car while said car was in motion, then she cannot recover and your verdict must be for defendant."  Bond v. Railroad, 110 Mo. App. 131; Peck v. Transit Company, 178 Mo. 617; Hecker v. Railroad, 110 Mo. App. 166. (2)  The court erred in refusing to give and read to the jury the following instruction requested by defendant:  "The court instructs the jury that if you find and believe from the evidence that at the time plaintiff took hold of the handrail of the car said car was moving, then plaintiff cannot recover and your verdict must be for defendant."  Bond v. Railroad, 110 Mo. App. 131; Peck v. Transit Co., 178 Mo. 617; Hecker v. Railroad, 110 Mo. App. 166.  (3)  The court erred in modifying the instruction requested by defendant set out under point I and erred in giving such instruction as modified.  Smith v. Street Railway, 126 Mo. App. 120; Harrod v. Hammond Pkg. Co., 125 Mo. App. 357-364.

*John J. O'Brien* and *McShane & Goodwin* for respondent.

(1)  An instruction which ignores a fact essential to a finding for a party is properly refused.  Jenkins v. Clopton, 141 Mo. App. 74.  (2)  Defendant's instructions Nos. 1 and 5, refused by the court, ignored facts essential to a finding in its favor, in this: (a)  It failed to provide that the act defined in the instruction, if found to exist, must be the cause of or contribute to plaintiff's injuries.  (b)  It failed to restrict the act defined in the instruction, if found to

exist, to the negligent act of plaintiff as had been set up and pleaded by defendant's answer. (c) It failed to exempt a slight or imperceptible movement of the car while plaintiff was boarding it, and sought to compel a verdict for defendant on the slightest motion of the car at such time. (3) (a) Defendant set up by its answer that plaintiff had caused her own injury by her sole negligence. Having specified the defense, the court had to limit its right to a verdict as claimed. Ramp v. Street Railway, 133 Mo. App. 700. (b) Defendant, when the occasion did not so demand, having injected into the case, by its own answer, the issue of whether plaintiff was negligent in causing her injuries, and proceeding to trial on such theory, cannot on appeal change front and claim that the jury had no right to determine whether plaintiff's negligence caused her injury or not. Harmon v. United Railways, 163 Mo. App. 442. (4) (a) The petition in this case is not limited to a recovery by plaintiff proving that she was injured while she was getting on a car that was still. The petition charged that after she started to get on the car it moved. Her act of starting to get on commences when she walked from where she stood on the street to approach the car. The petition would be broad enough, therefore, to allow a recovery if the car was moving slightly at the very instant plaintiff attempted to board it. Anderson v. Railway Co., 131 Mo. App. 581. (b) The action of the court in refusing to give the instructions requested by defendant and giving one of them as modified was proper. Green v. Railway, 122 Mo. App. 647; Hurley v. Railway, 120 Mo. App. 262; Saeger v. Railroad, 131 Mo. App. 282. (c) The doctrine relied upon in the case of Bond v. Railroad and Peck v. Transit Co., cited by appellant, has never been followed, and the Kansas City Court of Appeals on a number of occasions, since the opinion in the Bond case was handed down, has declined to enforce such rule. Green v.

Railway, 122 Mo. App. 647; Hurley v. Railroad, 120 Mo. App. 262; Saeger v. Railroad, 131 Mo. App. 282.

ALLEN, J.—This is an action to recover damages for injuries alleged to have been sustained by plaintiff while attempting to board one of defendant's street cars in the city of St. Louis. Plaintiff recovered and the defendant prosecutes the appeal.

The negligence with which defendant is charged, as appears from plaintiff's amended petition, upon which the case was tried, is as follows:

"That on or about May 16, 1910, the plaintiff signalled the motorman in charge of one of defendant's cars, running north on Seventh street to stop said car at the north side of Morgan street, for the purpose of enabling her to board said car and become a passenger thereon, and that said motorman did stop said car at said point. That while said car was so stopped, plaintiff with due care and caution on her part, started to get on the same, and that while the plaintiff was so engaged, defendant through its agents and servants, did, before plaintiff had a reasonable time in which to get safely on said car, negligently and carelessly start said car, thereby hurling and throwing plaintiff backwards, with great force and violence, and dragging her, causing the injuries herein complained of.

"And for further allegation of negligence, plaintiff says that defendant, through its agents and servants, negligently and carelessly failed to allow plaintiff a reasonable time to get safely on said car, before starting it, and said defendant through its agents and servants, negligently and recklessly started said car, while plaintiff was with due care and caution on her part in the act of getting on same, thereby violently throwing her backwards and dragging her, causing the injuries hereinafter set out."

The answer is a general denial, coupled with the plea "that whatever injuries, if any, plaintiff may have

sustained were caused by her own carelessness and negligence.''

Plaintiff's testimony was to the effect that when she undertook to board the car in question, at the time and place mentioned in her petition, the motorman in charge thereof stopped the same in obedience to a signal which she had given him; that plaintiff got her right foot on the step of the car, when the car started, jerking her backward and dragging her; that, at the time, she had hold of the hand rail of the car with one hand, and that some men caught her by the arm and kept her from falling to the street, and that in this position, with her right foot on the step and her left dragging upon the ground, she was carried some sixty-five, seventy or seventy-five feet before the car stopped, whereby she received the injuries complained of.

A witness called by plaintiff testified that he thought—was almost positive—that the car was in motion when plaintiff ''grabbed for it;'' that ''she swung around the rail and she stepped back just before the car stopped, a gentleman grabbed her and helped her on.'' This witness testified that when the car stopped at the crossing plaintiff was coming toward the car, and was probably ten or fifteen feet from it; that the car ''started off with a sudden jerk, just about the time she reached the rail, but she grabbed it, held on to it, and the car started off with a rush, and probably went some fifteen or twenty feet and the conductor was inside and somebody pulled the bell cord and it stopped very suddenly.''

Aside from the testimony of the physician who attended plaintiff, the above is the principal testimony offered in her behalf.

On behalf of the defendant, the testimony offered tended to show that plaintiff attempted to get on the car while it was in motion; that she started from the sidewalk towards the car but when she reached the latter it was in motion, and that she caught hold of

the hand rail and attempted to board the car while it was moving.

Of its own motion, the court gave the following instruction:

"The court instructs the jury if you find and believe from the evidence that on or about the 16th day of May, 1910, the defendant was operating a certain line of street railway upon and along Seventh street and crossing Morgan street where it intersects Seventh street in the city of St. Louis, and if you further find from the evidence that on or about the 16th day of May, 1910, the plaintiff signalled the motorman in charge of one of defendant's cars running north on said Seventh street to stop said car on the north side of Morgan street for the purpose of enabling her to become a passenger thereon, and that said motorman did stop said car at said point for the purpose of receiving or discharging passengers, and that while the car was so stopped the plaintiff took hold of the upright at the rear end of said car and placed one of her feet upon the step for the purpose of boarding said car and becoming a passenger thereon, and if you further find from the evidence that thereupon defendant's servants in charge of said car negligently and carelessly started the same without giving plaintiff reasonable time in which to get upon said car, and by so starting the same caused the plaintiff to be thrown backward and dragged and thereby injured her, your verdict must be for the plaintiff, provided you further believe from the evidence that the plaintiff at the time exercised ordinary care in attempting to board the car in the manner shown by the evidence."

The following instruction, known as instruction No. 1, requested by the defendant, was refused by the court, viz.:

"The court instructs the jury that if you find and believe from the evidence that at the time plaintiff took hold of the hand rail of the car, said car was moving,

then plaintiff cannot recover and your verdict must be for defendant.''

The defendant also requested an instruction, known as instruction No. 5, as follows:

''The court instructs the jury that if you find and believe from the evidence that the plaintiff attempted to board a car while said car was in motion, then she cannot recover and your verdict must be for defendant.''

The court refused this instruction as offered, but gave it after modifying it by the addition of the words which we italicize below, so that the same, as given, is as follows:

''The court instructs the jury that if you find and believe from the evidence that the plaintiff attempted to board a car while said car was in motion, *and that such act of plaintiff was negligence, and that the same contributed to her injury,* then she cannot recover and your verdict must be for defendant.''

The assignments of error pertain to the refusal of the court to give these two instructions as offered by the defendant. It is unnecessary to notice the other instructions in the case.

The cause was first argued and submitted at the last term of this court, and thereafter the court through REYNOLDS, P. J., handed down an opinion in which we held, upon the authority of Peck v. Transit Company, 178 Mo. 617, 77 S. W. 736, that the trial court erred in refusing defendant's two instructions above mentioned. Thereafter a motion on behalf of respondent for a rehearing was sustained, and the cause is now before us, after a second argument thereof.

The appellant says that the instructions in question were not offered by it upon the theory that it is negligence *per se* to attempt to board a moving car, but upon the ground that plaintiff was confined to the allegations of her petition and to the case presented by her under the theory upon which her petition proceeds;

that plaintiff alleged that she undertook to board a stationary car and was injured by reason of the car being negligently put in motion from a position of rest while she was so doing; and that she cannot recover upon the theory that the car was in motion at the time she attempted to get on it and that she was injured through some negligent operation thereof.

The crucial question for our consideration is whether the point here involved is governed by the Peck case, which learned counsel for appellant insist is the last controlling decision of our Supreme Court upon the precise question before us. In that case the plaintiff was injured while attempting to alight from a car; there was a verdict and judgment therein for defendant, and the plaintiff appealed, assigning as error the giving of two instructions at the instance of the defendant. The petition charged that the car had stopped for the purpose of allowing plaintiff to alight and that when she was in the act of alighting the defendant suddenly started the car, throwing her to the ground.

At the request of the plaintiff, in the Peck case, the court instructed the jury that plaintiff was entitled to recover if they found that the car was stopped in compliance with her signal to enable her to alight, and if while she was in the act of stepping from the car it suddenly started forward, etc.

Three instructions were given in the case for the defendant, and on appeal the plaintiff assigned the giving thereof as error. Two of these instructions were as follows:

"2. If you find from the evidence that the plaintiff's injuries, if any she sustained, were caused by her leaving the defendant's car before it had stopped still on the south side of Laclede avenue, and while the same was in motion, and that but for such attempt on her part to alight from said car while the same was in motion she would not have sustained any injury, then

the plaintiff cannot recover, and your verdict must be
for the defendant.

"3. If the jury believe from the evidence that the
plaintiff got off the car while it was about to stop to
permit passengers to alight, but while it was yet mov-
ing, then there is no evidence of negligence on the
part of defendant, and the verdict must be for the de-
fendant."

As to the propriety of giving these instructions,
under the facts and circumstances presented by the
record in that case, the Supreme Court through VAL-
IANT, J., said:

"The serious complaint, however, against these
two instructions is, that they require the jury to find
that the car had actually stopped when the plaintiff
was stepping off, and prohibited the finding of a ver-
dict for the plaintiff in case the jury should believe
that the car had slowed down in its motion to such
a degree that the plaintiff might, without passing the
bounds of ordinary prudence, have attempted to alight,
and that while doing so a quick motion was suddenly
imparted to the car which threw her down."

Then, after discussing the case of Ridenhour v.
Railroad, 102 Mo. 270, 13 S. W. 889, 14 S. W. 760, and
reaffirming the doctrine of that case, the learned au-
thor of the opinion proceeds to say:

"But has this plaintiff either by her pleadings,
her proof of her instructions given this defendant any
such case to answer as that presented in Ridenhour v.
Railroad, above mentioned, or in any of the other cases
cited? In her petition she said that the car had
stopped, in her evidence she stated the same thing, and
in her instructions she founded her right to recover
on that condition. The court in its instructions both
for the plaintiff and the defendant followed the line
the plaintiff had marked out. If there was any error
the plaintiff induced it. No such theory as she now

presents was offered for the consideration of the trial court during the trial.

"The plaintiff now insists that although all of her evidence conformed to the letter of her petition and all of her instructions were based on her evidence, yet because the defendant's witnesses stated that the car had slowed down, she was entitled to have had submitted to the jury the question of whether under the circumstances as detailed by the defendant's witnesses she was not exercising ordinary care in attempting to alight from the moving car. If it be conceded that she was entitled to have had that question submitted to the jury, she has no right to complain of the court for not submitting it, because she did not ask it. And she has no right to complain of the instructions given at the request of the defendant, because they were in effect only the plaintiff's instructions turned around so as to show the other side of the same theory."

It appears, therefore, from the language of the opinion in the Peck case, quoted above, that the decision of the court holding that it was not reversible error to give the instructions in question proceeded upon the theory that the plaintiff had induced or invited the error, if any there was, in giving such instructions. It will be noticed that the court did not decide that in such a case the defendant would be entitled to an instruction to the effect that plaintiff could not recover if the car was moving at all when plaintiff attempted to alight from it. It was held that the plaintiff, having alleged in her petition that the car had stopped, having so testified, and having requested instructions founding her right of recovery upon that condition, was in no position to complain of the giving of instructions on behalf of the defendant which presented merely the converse of the theory which she had adopted and followed throughout her case. In that state of the record, the Supreme Court remarks:

"If there was any error the plaintiff induced it." This would not mean that the trial court was necessarily bound to give such instructions at the request of the defendant, even though the plaintiff had induced or invited the giving thereof; for, if it be error to so instruct, the trial court could not be compelled to commit the error merely because a plaintiff has put himself in a position where he cannot complain of it.

Undoubtedly the Peck case goes off on a question of waiver on the part of the plaintiff; she having, as the court held, induced and invited the action of the trial court of which she undertook to complain on appeal. The case, therefore, cannot be said to necessarily be decisive of the precise question which is before us. It was there held not reversible error to *give* the instructions in question because the plaintiff had induced it; in the case before us, the question is whether, in the state of this record, it was error for the court to *refuse* defendant's two instructions of the same character as those involved in the Peck case.

Learned counsel for appellant insist that the plaintiff here, as in the Peck case, founded her right to recover upon the theory that the car was motionless when she undertook to board it, and pursued this theory throughout her case. Even if this be so, it would not necessarily follow, as we have indicated above, that the trial court was bound to give an improper instruction merely because the plaintiff had lost her right to complain thereof.

There appears, however, to be a distinction between the two cases, so far as concerns plaintiff's inducing the giving of such instructions, in that the plaintiff here did not, as did the plaintiff in the Peck case, request the giving of instructions based upon the theory that the car was standing still when she attempted to board it. The first instructions which we have set out above, covering plaintiff's case, the record discloses to have been given on the court's own motion.

From the record it appears that the plaintiff here requested no instructions. It is true that she alleged in her petition that the car was standing; and she so testified, although there was testimony in her behalf which tended to show that the car was moving at the moment she grasped the handrail. She did not, however, as did the plaintiff in the Peck case, request instructions founded solely upon the theory that the car was stationary, which would seem to be a distinguishing factor of some consequence in dealing with the propriety of the giving of counter-instructions at the instance of the defendant. As the case stands, it is one where plaintiff has alleged, as a matter of inducement and not as an act of negligence in itself, that the car was "stopped" when she "started to get on the same;" where she herself testified to this state of facts, but did not request instructions confining her right of recovery to the condition that the car was absolutely stationary and thus inducing the counter-proposition that she could not recover if the car had at the time any motion, however slight.

In Ridenhour v. Railroad, 102 Mo. 270, 13 S. W. 889, 14 S. W. 760, it was held that the averment in the petition that the car had stopped to allow the plaintiff to alight was a matter of inducement; that the actual negligence of defendant charged was in "permitting the car to be put in motion when plaintiff was in the act of leaving the car without giving him a reasonable time to alight safely therefrom." It appeared that the car did not stop, but merely slackened speed, and it was held that this was not such variance between the petition and proof as would preclude submission of the case to the jury.

In Bond v. Railroad, 110 Mo. App. 131, 84 S. W. 124, an alighting case, the Kansas City Court of Appeals held that where the petition counted on the negligence of defendant in suddenly starting its train while plaintiff was in the act of alighting therefrom,

an instruction that if plaintiff attempted to alight from a slowly moving train he could not recover should have been given.

In Green v. Metropolitan Street Railway Company, 122 Mo. App. 647, 99 S. W. 28, the plaintiff averred in her petition that the defendant stopped its car for the purpose of taking on and letting off passengers; that plaintiff started to alight and while she was in the act of so doing, the defendant negligently caused the car to be started forward with a sudden and violent motion whereby she was thrown and injured. The defendant complained of the refusal of an instruction to the effect that if the jury found that plaintiff voluntarily attempted to step off the car while it was in motion, and by reason thereof fell and was thereby injured, she could not recover. Of this the Kansas City Court of Appeals, through JOHNSON, J., said:

"Evidently the instruction under consideration was intended to present a state of facts to the jury which found support in the evidence of defendant and which, if believed, disproved the act of negligence averred, but we condemned a similar instruction in Hurley v. Railway, 120 Mo. App. 262, 96 S. W. 714, on the ground that it was misleading and in addition to the reasons given for our conclusion in that case (which we here adopt) another may be assigned. Without qualifications or exception, the instruction directs a verdict for defendant, should the jury find that plaintiff 'voluntarily attempted to step off the car while it was in motion.' This means that if the car had any motion at all, however slight, when plaintiff began her step to the ground, still she could not recover notwithstanding a sudden acceleration of speed might have been the immediate cause of her fall. It would be extremely harsh and technical should we say that the existence of an almost imperceptible motion when plaintiff's last step began would disprove the act of

negligence charged. To have such effect, the motion of the car should be at a rate of speed that in some degree, though slight, would enhance the danger of the act. If less than this, the car for the purpose of alighting from it should be regarded as stationary. [Forrester v. Railroad, 116 Mo. App. 37] . . .''

In Kinyoun v. Railroad, 153 Mo. App. 477, 134 S. W. 15, the same court reaffirms the doctrine announced in Green v. Railway Co., supra, quoting therefrom. [See, also, Hurley v. Railway, 120 Mo. App. 262, 96 S. W. 714; Saegar v. Railroad, 131 Mo. App. 282, 110 S. W. 686.]

From the decisions of the Kansas City Court of Appeals subsequent to its decision in the Bond case, supra, it would appear that our brethren of that court did not regard the question under consideration as foreclosed by the opinion in the Peck case. Neither are we persuaded that the latter case is authority for the proposition that it was error on the part of the trial court to refuse the instructions in question in the case before us. The difficulty with these instructions is that they, in effect, tell the jury that plaintiff cannot recover if the car had any motion, however slight, at the precise moment when she took hold of the handrail and attempted to step upon the car step. The doctrine in the Green case, supra, appeals to us as being sound.

It is true that it is well established in this State that the plaintiff must recover, if at all, upon the specific negligence alleged. [See Israel v. Railroad, 172 Mo. App. 656, 155 S. W. 1092, and cases there cited.] But, as is said, in effect, in Green v. Railroad, supra, it would be extremely harsh and technical to hold that proof of any motion of the car, even though almost imperceptible, at the precise instant when plaintiff caught the handrail thereof and undertook to step upon it, would necessarily disprove the act of negligence alleged and perforce defeat plaintiff's recovery.

And, as we have said, the allegation that the car had stopped was a matter of inducement (Ridenhour v. Railroad, supra), and not in itself a charge of negligence. It is true that it may be viewed, as is said in the Peck case, as "the condition which rendered the starting of the car an act of negligence," but the decision in that case really rests upon the well-known doctrine of induced or invited error. Here, however, the charge of negligence is in failing "to allow plaintiff a reasonable time to get safely on the car before starting it," and in starting the car while plaintiff was in the act of getting on it. "Starting" the car may be regarded not only as starting it from a position of absolute rest, but as accelerating its motion from one very slight and practically imperceptible, one which would in no degree enhance the danger attendant upon attempting to board it and which would not deter a reasonably prudent person from making such attempt.

Furthermore, the allegation here is that the car was stopped when plaintiff *"started* to get on it." (Italics ours.) Starting to board a car must necessarily mean some movement or movements on the part of the intending passenger prior to grasping the handrail or setting foot upon the car step; and the requested instruction may well have misled the jury, for one may start to get on a standing car which begins to move before he grasps the handrail or places his foot upon the step, but when he cannot check his further movements. We think that defendants's refused instruction No. 1 is certainly in this way misleading, for, without qualification, it tells the jury that plaintiff cannot recover if the car was moving when she took hold of the handrail; and the same vice appears to inhere in instruction No. 5. Such is the holding in Hurley v. Railway Co., supra (l. c. 269), which is approved in Green v. Railway Co., supra. These are "alighting cases," but the general principle involved is the same so far as concerns an instruction

of this precise character. [In this connection see, also, Anderson v. Railroad, 131 Mo. App. 580, 110 S. W. 650.]

Our conclusion is, that the refusal of these instructions, as offered, was not reversible error under the state of the record before us. It follows that the judgment should be affirmed. It is so ordered. *Nortoni, J.,* concurs. *Reynolds, P. J.,* dissents in a separate opinion, and deeming the decision herein contrary to the decision of the Supreme Court in Peck v. St. Louis Transit Co., 178 Mo. 617, 77 S. W. 736, asks that the cause be certified to the Supreme Court for final determination, which is accordingly done.

## DISSENTING OPINION.

REYNOLDS, P. J.—I am unable, on reconsideration of the case, even with the very carefully prepared opinion of my Brother ALLEN before me, to which I have given full consideration, to come to any other conclusion than that arrived at on the former hearing of this case, and still am of the opinion that the judgment of the circuit court should be reversed and the cause remanded for further proceedings. My Brother Allen has set out verbatim the charging part of the petition in the case. He also summarizes the answer as pleading contributory negligence.

My Brother Allen has set out a summary of the testimony but I think it well to give it more fully, italicizing portions of it.

That of plaintiff herself was to the effect that she wanted to board the car at Seventh and Morgan streets on the day named and signaled the motorman to stop the car; *that he stopped;* that she got her right foot on the step of the car and was dragged, the car jerking her backward; *that the motorman had started the car before she got on;* that she had hold of the handrail of the car with her left hand, and a man held her

by the arm and kept her on the car until it had run, as it seemed to her, from sixty-five to seventy-five feet. On cross-examination plaintiff testified that she was standing on the pavement when she signaled the car, on the side of the crossing where the car regularly stopped; when she signalled *the motorman stopped for her, and that she got one foot on the car and one hand hold of the rail, when the car started up suddenly* before she could get any further ,and when the car *afterwards stopped* she still had hold of the center post and had one foot on the step. Her right foot was on the step and her left foot not clear from the ground; that before she succeeded in getting clear up on to the car it stopped, when about sixty-five feet or something like that from where it had started when she first attempted to board it.

A witness called for plaintiff testified that he was standing on the back platform of this car; that the car started with a rush *as plaintiff was about to step on the car but it had started* and she grabbed for the rail or upright rod and held it and ran along with the car until somebody pulled the signal rope and stopped the car. The car had run probably twenty feet and plaintiff "kind of fell back" on to the step of the car and a gentleman standing alongside of witness jumped over and reached with his arm and caught plaintiff before she fell. By that time the car had stopped and plaintiff straightened up and walked over by the sidewalk and stood there. This witness testified that *he thought, when the car started forward, that plaintiff had both feet on the ground* and that she ran along with the car. On cross-examination he testified that *he thought the car was already in motion when plaintiff took hold of the rod or grabbed for it and tried to get on the car;* that the car had stopped within fifteen or twenty feet after she had attempted to board it and that she was not dragged; that the car had stopped at the corner to take on passengers and that while it was

stopped there plaintiff came out and started to get on; *that it started off just about the time plaintiff reached for the rail but she grabbed it, held on to it,* and the car started off with a rush and went probably fifteen or twenty feet, when somebody pulled the bell cord and the car stopped very suddenly. When the car first stopped plaintiff had left the sidewalk and was coming toward it; she was probably ten or fifteen feet from it when it stopped.

Except the testimony of the physicians who had attended her, this is the substance of the evidence for plaintiff.

The evidence for defendant tended to show that plaintiff had attempted to get on the car while it was in motion; that she had started out from the sidewalk and when she reached the car it was already moving but she caught hold of the rail or rod and attempted to get on the car. This was substantially the testimony of the passenger who was identified as the gentleman who had seized hold of plaintiff and kept her from falling when she attempted to board the car.

My Brother Allen has also set out the instruction given by the court of its own motion as well as the instruction asked by appellant and refused, and the instruction asked by appellant but modified by the court. I repeat what I have said in my former opinion in this case, that in the light of the decision of our Supreme Court in Peck v. St. Louis Transit Co., 178 Mo. 617, 77 S. W. 736, we are compelled to hold that it was error to refuse the instructions asked by defendant. In the Peck case there was a verdict and judgment for defendant and plaintiff appealed, the assigned error being to the giving of two instructions at the instance of defendant. It was complained of these instructions that they narrowed the issue, narrowed the inquiry to the specific, particular, act of negligence charged. They will be found in full on page

624 of the report of the Peck case, supra. Compared with both instructions asked in the case at bar by defendant, and refused, that numbered 5 being refused as asked, they are practically the same. The case is the same with this difference: In the case at bar the attempt of respondent was to board a car, while in the Peck case the attempt of the appellant was to alight from a car. Like error is assigned to these refused instructions by counsel for the respondent as was assigned by counsel for appellant in the Peck case. In the Peck case Judge VALLIANT (l. c. 626) says that the serious complaint by counsel for appellant against the two instructions which were there given, is "that they require the jury to find that the car had actually stopped when the plaintiff was stepping off, and prohibited the finding of a verdict for the plaintiff in case the jury should believe that the car had slowed down in its motion to such a degree that the plaintiff might, without passing the bounds of ordinary prudence, have attempted to alight, and that while doing so a quick motion was suddenly imparted to the car which threw her down." Reviewing the decision of the court in Ridenhour v. Kansas City Cable Ry. Co., 102 Mo. 270, 13 S. W. 889, 14 S. W. 760, and distinguishing that case on its facts, its pleadings and its instructions from those in the Peck case, Judge VALLIANT continues (l. c. 628): "But has this plaintiff either by her *pleadings, her proof or her instructions,* given this defendant any such case to answer as that presented in Ridenhour v. Railroad, above mentioned, or in any of the other cases cited? In her *petition she said that the car had stopped, in her evidence she stated the same thing, and in her instructions she founded her right to recover on that condition.* The court in its instructions both for the plaintiff and the defendant followed the line plaintiff had marked out. If there was any error, the plaintiff induced it. No such theory as she now presents was

offered for the consideration of the trial court during
the trial. The plaintiff now insists that although all
of her evidence conformed to the letter of her peti-
tion and all of her instructions were based on her evi-
dence, yet because the defendant's witnesses stated
that the car had slowed down, she was entitled to have
had submitted to the jury the question of whether un-
der the circumstances as detailed by the defendant's
witnesses she was not exercising ordinary care in at-
tempting to alight from the moving car. If it be con-
ceded that she was entitled to have had that question
submitted to the jury, she has no right to complain of
the court for not submitting it, because she did not ask
it. And she has no right to complain of the instruc-
tions given at the request of the defendant, because
they were in effect only the plaintiff's instructions
turned around so as to show the other side on the same
theory." I have italicized portions of the above that
I consider very significant. With this Peck case be-
fore us, and it is the last opinion by the Supreme
Court on the point here in decision, I can come to no
other conclusion than that the court erred in refusing
these two instructions asked by defendant. Apply-
ing the principle of that decision to the case at bar,
the error of the court here consists in refusing to give,
under practically the same kind of pleading and the
same evidence and the same principal instruction here
given at the court's own motion as covering plaintiff's
case, these instructions asked by the defendant.

It is claimed that the Peck case has never been
cited by our Supreme Court in any subsequent case,
and we are referred to several decisions of our court
and of the Kansas City Court of Appeals which it is
claimed lay down a different rule. But I find no ref-
erence to any subsequent decision of the Supreme Court
which can be construed as modifying or overruling
the decision in the Peck case. Whatever may be the
decisions of our own or of the Kansas City Court of

Appeals, and without conceding that they are contrary to that in the Peck case, we are bound to follow that decision as the last and controlling decision on the very question now before us.

I think that the error into which my learned brethren have fallen in this case is in placing too much stress upon what is said by Judge VALLIANT in the Peck case, supra, as to plaintiff being estopped to complain of the instructions given at the instance of the respondent in that case. It is true that that is referred to as an element controlling the decision in that case but as I read that opinion it is only one of the elements in it. The phrases in that opinion which I have italicized, to my mind, demonstrate that Judge VALLIANT had in mind not merely the question of the instructions, but the pleading and the evidence. In the case at bar the averments in the petition are plain and specific, to the effect that plaintiff "signalled the motorman in charge of one of defendant's cars . . . to stop said car at the north side of Morgan street, . . . for the purpose of enabling her to board said car and become a passenger thereon, and that said motorman *did stop* said car at said point. *That while said car was so stopped,* plaintiff, with due care and caution on her part, started to get on the same, and that while the plaintiff was so engaged, defendant, through its agents and servants, did, before plaintiff had a reasonable time to which to get safely on said car, negligently and carelessly start said car, thereby hurling and throwing plaintiff backwards with great force and violence, and dragging her, causing the injuries herein complained of. And for further allegation of negligence, plaintiff says that defendant, through its agents and servants, negligently and carelessly failed to allow plaintiff a reasonable time to get safely on said car, *before starting it,* and said defendant, through its agents and servants, negligently and recklessly started said car, while plaintiff was, with

due care and caution on her part, in the act of getting on same, thereby," etc. (The italics are mine.)

Unlike Ridenhour v. Kansas City Cable Ry. Co., supra, the averments that the car was at a stop are of the substance and not mere matter of inducement.

The testimony of plaintiff herself, as also that given by her own witnesses, is on the theory that plaintiff tried to board the car while it was at a stop. But there was distinct testimony to the contrary; testimony to the effect that when plaintiff attempted to board it, the car had started and was already in motion. Hence, considering the averments of the petition and the testimony in the case, it is impossible for me to arrive at any other conclusion than that plaintiff put her case before the jury by her pleading and her testimony, on the distinct ground that she had attempted to board a car which had come to a stop, and, that while she was in the act of boarding it, it had started. I can come to no conclusion other than that that being so, appellant was entitled to the instructions which it asked in the form in which it asked them.

The rule that you cannot sue on one cause of action and recover on another, is so reasonable that it would seem no one would deny it; it has been recognized and enforced in very many decisions of our Supreme Court and of our other appellate courts, including our own. I cannot but think that my learned associates have overlooked it here. Nor can I agree that if respondent made her case by proving that the car was in slow movement, "nearly" at a standstill, when she attempted to board it. If the car was moving, was in motion, when she attempted to board it, then plaintiff could not, under the averments of her petition, recover. If it was not at a stop and she attempted to board it, her case must fail. The degree of motion has no bearing on the issue made by the pleading.

My conclusion upon the whole case is, as before announcement, that the judgment of the circuit court should be reversed and the cause remanded for further proceedings. Inasmuch, however, as my learned Brethren are of the contrary opinion and decide otherwise, deeming that decision contrary to the decision of the Supreme Court in the Peck case, supra, I respectfully ask that this cause be certified and transferred to the Supreme Court for its determination.